# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2429

_____

| | | |
|---|---|---|
| Frederick Lee Revels, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Felix Vincenz, Superintendent; Dorn | * | |
| Schuffman; Enrique Dos Santos; | * | |
| Joseph F. Mangini, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Ralph Wimp, Dr., | * | |
| | * | |
| Defendant/Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| Max Teng, | * | Western District of Missouri. |
| | * | |
| Defendant, | * | |
| | * | |
| David Hunter, | * | |
| | * | |
| Defendant/Appellee, | * | |
| | * | |
| Mike Gordon; Judy Cohen, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Linda Hollingsworth, also known as | * | |
| Linda Schulte; David Neer, | * | |
| | * | |

Defendants/Appellees.        *

_____

Submitted: January 14, 2004
Filed: August 27, 2004

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Frederick Revels is an involuntarily committed psychiatric patient at an intermediate security facility. In this appeal, he argues the district court[1] committed three reversible errors in disposing of his 42 U.S.C. § 1983 claims. First, the court entered summary judgment in favor of Linda Schulte with respect to Mr. Revels's claim she violated his Eighth Amendment and substantive due process rights by denying him permission to use the restroom. Second, the district court granted summary judgment in favor of Dr. David Hunter with respect to Mr. Revels's claim Dr. Hunter violated his First Amendment rights by retaliating against him for engaging in protected speech. Finally, Mr. Revels appeals the court's decision to admit, during trial of his claims against Dr. Ralph Wimp and David Neer, testimony he had heard voices in the past. We affirm.

I

On April 14, 2001, Security Aide Linda Schulte was supervising ten to twenty patients who were forming the supper line in the hallway of Mr. Revels's ward at Fulton State Hospital. Mr. Revels had fallen asleep in a nearby reading room. The noise in the hallway awoke him, and realizing it was time for supper, he hurried from

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-

the reading room to join the others in the back of the food line. Ms. Schulte was the only supervisor in the area.

When Mr. Revels joined the line, Ms. Schulte was occupied with an agitated inmate she described as aggressive. Mr. Revels then felt a strong urge to urinate. He began dancing around and asked Ms. Schulte for permission to use the restroom. She denied his request, and almost immediately, he lost control of his bladder and rushed around a corner to relieve himself. Mr. Revels admitted he began urinating even as Ms. Schulte was responding to his request.

Afterward, Ms. Schulte and Susan Hendricks, another staff member, took Mr. Revels back to the ward. Two other staff members were present when Ms. Schulte began complaining in front of Mr. Revels about the mess on the floor. She stated, "This fool urinated on himself." After investigating the incident, the Hospital Superintendent dismissed Ms. Schulte, in part because of her handling of the incident. However, the facility's Personnel Advisory Board later reinstated her after finding she had handled the situation according to Hospital policies.

Dr. Hunter was the Fulton psychiatrist who supervised Mr. Revels's medical program. Mr. Revels alleged Dr. Hunter violated his First Amendment right to engage in protected speech, by blocking reclassification opportunities and denying him step-level increases, conditional releases, and placement in less-secure facilities in retaliation for Mr. Revels's filing grievances against Fulton staff members.

Mr. Revels also claimed Dr. Wimp sexually assaulted him by performing an unwanted rectal exam that caused an anal fissure. He also claimed David Neer, a security aide at the hospital, forced him out of bed when he was injured and choked him. At trial of these claims, counsel for Dr. Wimp and Mr. Neer asked Mr. Revels, "And you admit that there were times in the past that you've heard voices?" Mr.

Revels's attorney objected on the ground the question assumed facts not in evidence, and the judge overruled. Mr. Revels answered the question affirmatively.

On appeal, Mr. Revels argues the district court erred in granting summary judgement for Ms. Schulte and Dr. Hunter and in admitting Mr. Revel's testimony he had heard voices in the past. We affirm in all respects.

## II

We review summary judgment de novo, viewing the record in the light most favorable to the non-moving party. Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1214 (8th Cir. 1999). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Lambert v. City of Dumas, 187 F.3d 931, 934 (8th Cir. 1999); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

A.     Mr. Revels's Eighth Amendment Claim

Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner. Cf. Andrews v. Neer, 253 F.3d 1051, 1061 (8th Cir. 2001) (holding that an excessive-force claim from an involuntarily committed state hospital patient should be evaluated under the same standard as an excessive-force claim brought by pretrial detainee). However, because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply. See Neely v. Feinstein, 50 F.3d 1502, 1508 (9th Cir. 1995); see also Youngberg v. Romeo, 457 U.S. 307, 324-35 (1982) (concluding that an involuntarily committed patient has substantive due process rights under the Fourteenth Amendment and the Eighth Amendment was not the proper standard of liability); DeShaney v. Winnebago County Dep't of Soc.

-4-

Servs., 489 U.S. 189, 199 n.6 (1989) ("The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment. Neely, 50 F.3d at 1508.

That being said, neither party in this case questioned the applicability of the Eighth Amendment to Ms. Schulte's conduct. Therefore, we will analyze Mr. Revels's claim as if he were a prisoner with standing to make an Eighth Amendment claim, while acknowledging that his claim properly arises under the Fourteenth Amendment.

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The defendant's conduct must objectively rise to the level of a constitutional violation, id., by depriving the plaintiff of the "minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 342 (1981). The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner. Estelle v. Gamble, 429 U.S. 97, 104 (1977). To establish deliberate indifference, the plaintiff must show the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Viewed under this two-part standard, Mr. Revels's claim fails as a matter of law. First, the momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation. See Knop v. Johnson, 977 F.2d 996, 1013 (6th Cir. 1992) (holding that defendants' being required to urinate occasionally in their cells when officers were unavailable to take them to the toilet did not violate the Eighth Amendment); Whitted v. Lazerson, No. 96 Civ. 2746(AGS), 1998 WL 259929, at *2

(S.D.N.Y. May 21, 1998) (stating the alleged violation was not objectively serious where the defendant civilian cook continually told the inmate assistant he had to wait a few minutes to go to the toilet and the inmate ultimately urinated on himself after waiting for an hour and a half).  Mr. Revels was deprived of the opportunity to use the toilet for only a few seconds before he lost control of his bladder.  Ms. Schulte's conduct simply does not rise to the level of an Eighth Amendment violation.

Second, Ms. Schulte did not act with the requisite state of mind to meet the subjective component of an Eighth Amendment claim.  We fail to see how delaying Mr. Revels's visit to the toilet for a few seconds reflects a deliberate indifference to his health or safety.  See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990) (holding one-month delay in providing medical treatment after complaints of leg pain did not reflect deliberate indifference).  Moreover, Mr. Revels lost bladder control just after he uttered the request to Ms. Schulte who was occupied with the other inmate.  Under these circumstances, no reasonable person would find she had the opportunity to discern, much less disregard, Mr. Revels's crisis.  Thus, Mr. Revels failed to raise a triable issue as to either element of his Eighth Amendment claim.

Even if Mr. Revels had standing to bring an Eighth Amendment claim, his claim fails as a matter of law because Ms. Schulte's actions never rose to the level of a constitutional violation and she did not act with the required culpability.

B.     Mr. Revel's Fourteenth Amendment Claim

Next, Mr. Revels claims Ms. Schulte violated substantive due process by unreasonably denying him the fundamental right to bodily integrity.  To prevail on such a claim, the plaintiff must generally show the defendant acted with deliberate indifference to a constitutional right in a manner that shocks the conscience.  Putnam, 332 F.3d at 548.  Where the defendant did not have time for actual deliberation before committing the wrongful act, however, the plaintiff must show the defendant acted

with a degree of fault evincing malice or sadistic behavior. County of Sacramento v. Lewis, 523 U.S. at 833, 852-53 (citing Whitley, 475 U.S. 312, 320-21 (1986)).

Mr. Revels argues the court in Glaspy v. Malicoat held the opportunity to urinate, under certain conditions, is a fundamental right subject to due process protection as "a matter of bodily integrity." 134 F.Supp.2d 890, 895 (W.D. Mich. 2001). Assuming for the sake or argument that we agree with Glaspy, Mr. Revel's claim still fails as a matter of law because, as we have already determined, Ms. Schulte did not act with even deliberate indifference toward his welfare.

II

Dr. David Hunter was the Fulton psychiatrist who supervised Mr. Revels's medical program. Mr. Revels claims Dr. Hunter violated his First Amendment right to free speech in retaliation for the grievances Mr. Revels filed against Fulton staff members. Mr. Revels asserts Dr. Hunter blocked reclassification opportunities and denied him step-level increases, conditional releases, and placement in less-secure facilities.

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. Naucke v. City of Park Hills, 284 F.3d 923, 927-28 (8th Cir. 2002). In brief, the plaintiff must show the official took the adverse action because the plaintiff engaged in the protected speech. See id. The causal connection is generally a jury question, but it can provide a basis for summary judgment when the "question is so free from doubt as to justify taking it from the jury." Id. at 928 (quoting Ricketts v. Columbia, 36 F.3d 775, 779 (8th Cir. 1994)).

The district court properly granted Dr. Hunter's motion for summary judgment. Under the third prong of a retaliation claim, the plaintiff needs to present evidence of a causal connection between the constitutionally protected activity and the adverse action. Id. Not only did Mr. Revels fail to present any evidence showing a retaliatory motive, he actually admitted he could not say Dr. Hunter denied him any step-level increases because of his grievances. Additionally, Mr. Revels acknowledged he frequently disengaged from treatment, a factor in determining whether he deserved the privileges he sought. Thus, the only evidence Mr. Revels presented suggests his own conduct may have caused the denial of the privileges.

Mr. Revels argues Dr. Hunter testified he told Mr. Revels he would not be recommended for step-level increases if he kept filing baseless grievances. Evidence of the statement, however, does not appear to be in the designated record. If such evidence was presented, then the statement could permit the inference Dr. Hunter denied Mr. Revels increases for a retaliatory reason. However, Mr. Revels's own testimony negates the inference. Mr. Revels testified he did not believe Dr. Hunter denied him increases because of his filing of grievances.

Moreover, Mr. Revels failed to present evidence Dr. Hunter took any adverse action against him. On the contrary, Mr. Revels admitted he had not requested a conditional release or an unconditional release since 1997. He also admitted he frequently disengaged from his treatment, a fact which would disqualify him for the privileges he sought. Without evidence he requested or was qualified for such privileges, his bare allegations do not show he suffered any adverse action.

Because Mr. Revels did not come forward with evidence showing Dr. Hunter denied him privileges in retaliation for filing grievances, the district court properly granted Dr. Hunter's motion for summary judgment.

III

Mr. Revels's claims against two defendants survived summary judgment. He claimed Dr. Wimp sexually assaulted him by performing an unwanted rectal exam that caused an anal fissure. He also alleged Mr. Neer, a security aide at the hospital, forced him out of bed when he was injured and choked him. The jury found for the defendants.

On cross examination, defense counsel asked Mr. Revels, "And you admit that there were times in the past that you've heard voices?" Mr. Revels's attorney objected on the ground the question assumed facts not in evidence, and the judge overruled. Mr. Revels answered the question affirmatively. On appeal, he argues the district court erred for two reasons in its admission of the testimony. First, the admission of evidence that he heard voices in the past was outside the scope of direct examination. Second, the risk of unfair prejudice substantially outweighed the probative value of the evidence.

We normally review rulings regarding the admission of evidence for abuse of discretion. See Andrews v. Neer, 253 F.3d 1052, 1063 (8th Cir. 2001). However, we review for plain error when admitted evidence was objected to for one reason but appealed for another. Cross v. Cleaver, 142 F.3d 1059, 1068-69 (8th Cir. 1998). Because Mr. Revels appeals the evidence on grounds different from his objection at trial, we apply the plain-error standard.

Mr. Revels first argues the question went to matters outside the scope of direct examination. "It is standard and proper," however, "for a cross-examiner to delve into matters which, although not mentioned on direct examination, bear on the witness's credibility." United States v. Moore, 917 F.2d 215, 222 (6th Cir. 1993). We have specifically approved the use of a witness's mental condition to challenge his credibility. See Andrews, 253 F.3d at 1062-63 (stating that counsel could use the

witness's status as an involuntarily committed schizophrenic in cross-examination of the witness); see also United States v. Phibbs, 999 F.2d 1053, 1069-70 (6th Cir. 1993) (concluding the district court did not abuse its discretion when it permitted defense counsel to use the plaintiffs' psychiatric records, as well as other indicia of their mental capacity, to vigorously attack their credibility).

Mr. Revels also contends the testimony's likelihood of prejudice substantially outweighed its probative value, in violation of Fed. R. Evid. 403. Where he alleged facts that only he and the defendants could testify to, the credibility of each party and his ability to discern and tell the truth carried great probative value not substantially outweighed by the risk of unfair prejudice. Thus, the district court properly admitted Mr. Revel's testimony he had heard voices in the past.

IV

For the foregoing reasons, we affirm in all respects.

_____

-10-