# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1796

_____

Craig Morgan,                        *

                               *

        Appellant,          *

                               *   Appeal from the United States

    v.                    *   District Court for the

                               *   Eastern District of Missouri.

Curtis Francois; Dent Wizard     *   [UNPUBLISHED]

International Corporation,       *

                               *

        Appellees.         *

_____

Submitted: October 14, 2005
Filed: March 2, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Craig Morgan sued his employers claiming overtime violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.  The district court held the employers were exempt from the FLSA's overtime provisions as "motor private carriers."  49 U.S.C. § 31502(b)(2).  We reverse and remand for further proceedings.

In April 1998, Craig Morgan began working as a commissioned paintless dent repair (PDR) technician for Gandalf, LTD, an Ohio limited liability company.  Curtis Francois, a resident of St. Louis, Missouri, allegedly had an ownership interest in Gandalf, as did Paul Thomas, an Ohio resident.  In June 2001, Gandalf sold some or

all of its assets to Dent Wizard International Corporation. After the transfer, Morgan continued to work for Dent Wizard, traveling to customers' locations in a company-owned truck to repair dents in the exteriors of automobiles using various PDR tools and equipment. Morgan lived in Carriere, Mississippi, but frequently worked about thirty miles away at the Mannheim Auto Auction of Greater New Orleans in Slidell, Louisiana, as well as at several other locations in and around New Orleans, Louisiana.

In April 2003, Morgan sued Francois, Thomas, Gandalf, and Dent Wizard in federal district court in Ohio alleging all four were employers required to comply with the FLSA's overtime laws and regulations. Morgan further alleged from April 1998 through the date of suit he regularly worked more than forty hours a week, and the defendants failed to maintain accurate records of his actual hours of work or pay him overtime. The Ohio district court severed Morgan's claims against Francois and Dent Wizard and transferred them to Missouri, retaining jurisdiction over the claims against Thomas and Gandalf. After initially finding a portion of Morgan's claims time-barred by the applicable statute of limitations, see 29 U.S.C. § 255(a) (setting forth a three-year limitations period for willful FLSA violations and a two-year limitations period for all other violations), the Ohio district court granted Gandalf and Thomas summary judgment on Morgan's remaining claims concluding the employers were "motor private carriers" under the Motor Carrier Act and therefore exempt from the FLSA's overtime provisions. Shortly thereafter, the Missouri district court granted Francois and Dent Wizard summary judgment on the same grounds. Morgan filed timely appeals of both decisions.

In this appeal, Morgan contends, *inter alia*, the district court erred when it determined he transported his employers' property (i.e., the PDR tools) in interstate commerce. More specifically, he contends the district court should have considered his supplemental affidavit of September 3, 2004, in which he asserted none of the PDR tools he transported to and from work sites were owned by his employers. The

district court refused to consider the supplemental affidavit concluding it contradicted Morgan's earlier affidavit and statements he made in a deposition.

We review the district court's interpretation of the FLSA and the Motor Carrier Act de novo. Braswell v. City of El Dorado, Ark., 187 F.3d 954, 957 (8th Cir. 1999). "We review the district court's exclusion of evidence in a summary judgment motion for abuse of discretion." Yates v. Rexton, Inc., 267 F.3d 793, 802 (8th Cir. 2001).

The FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provision of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). The Motor Carrier Act allows the Secretary of Transportation to set the "qualifications and maximum hours of service of employees of . . . a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b)(2). The Motor Carrier Act defines a "motor private carrier" as

> a person other than a motor carrier, transporting property by motor vehicle when--
> (A) the transportation is as provided in section 13501 of this title;
> (B) the person is the owner, lessee, or bailee of the property being transported; and
> (C) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise.

49 U.S.C. § 13102(13). The transportation "provided in section 13501" is interstate travel. See 49 U.S.C. § 13501(1)(A) ("The Secretary and the Board have jurisdiction . . . over transportation by motor carrier . . . between a place in [] a State and a place in another State."). There is no dispute Morgan engaged in interstate travel between Mississippi and Louisiana as part of his job. See 29 C.F.R. § 782.7(b)(1) ("Highway transportation by motor vehicle from one State to another, in the course of which the vehicles cross the State line, clearly constitutes interstate commerce under both [the

-3-

FLSA and the Motor Carrier Act]."). There is also no dispute Morgan transported property, that is, the PDR tools, to further a commercial enterprise. See, e.g., Friedrich v. U.S. Computer Servs., 974 F.2d 409, 417 (3d Cir. 1992) (recognizing tools, parts, and equipment transported by field engineers to perform service work on computer hardware constituted "property" under the Motor Carrier Act); Turk v. Buffets, Inc., 940 F. Supp. 1255, 1261 (N.D. Ill. 1996) ("The transportation of defendant's repair equipment and spare parts across state lines to service its restaurants meets the statutory definition.").

Morgan disputes, however, that his employers are the owners of the PDR tools he transported. Morgan averred in his supplemental affidavit "[s]ome of my PDR tools were *given* to me by Defendants when I first began my employment with them. . . . None of the tools that I transported to and from work sites in my truck, while I was working for Defendants, was a tool owned by either Defendant." App. at 48 (emphasis added). In an earlier affidavit, Morgan stated he "repaired the dents and 'dings' in the metal exterior of automobiles[] using tools, equipment and supplies *provided* to me by Defendants." Id. at 50 (emphasis added). The district court refused to consider the supplemental affidavit concluding it contradicted his earlier affidavit without explanation. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1364-65 (8th Cir. 1983) (recognizing a party can not "create a genuine issue" of fact to avoid summary judgment by filing an affidavit contradicting his earlier testimony, unless the apparent contradiction is adequately explained).

The Sixth Circuit recently addressed this very same issue in Morgan's appeal from the adverse judgment in the Ohio district court. The Sixth Circuit stated:

> Morgan contends the district court abused its discretion in this matter because his corrected affidavit is not contradictory, but explanatory. Indeed, the corrected statement, that the PDR tools were *given* to Morgan by defendants, is not necessarily inconsistent with his original statement that the tools were *provided* to him by defendants – especially when the

two statements are read, as they must be for purposes of defendants' summary judgment motion, in the light most favorable to Morgan. Until the clarifying statement was filed, Morgan's original statement that the tools were provided to him by defendants begged the question whether ownership passed to Morgan at that time. . . . Considering this chronology, both the timing and contents of Morgan's proffered clarification, whether ultimately deemed truthful or not, are certainly understandable and facially legitimate. Read in the light most favorable to Morgan, the corrected statement genuinely appears to illuminate or clarify his original statement. It is not necessarily contradictory or even inconsistent and does not necessarily suggest prevarication. The district court's contrary conclusion demonstrates that it erroneously viewed both plaintiff's original affidavit and the corrected affidavit in the light most favorable to the defendants, rather than to the nonmovant. The district court's disallowance of the correction as contradictory thus represents a misapplication of the law governing summary judgment assessment of the record. This misapplication of the law represents an abuse of discretion.

Morgan v. Gandalf, Ltd., No. 05-3189, 2006 WL 238321, *7 (6th Cir. Jan. 31, 2006) (unpublished decision) (internal citations omitted).

We agree with this aspect of the Sixth Circuit's analysis, and therefore also conclude the district court abused its discretion when it refused to consider the supplemental affidavit on the ground it contradicted Morgan's earlier affidavit.

The district court also refused to consider Morgan's supplemental affidavit on the ground the affidavit contradicted a deposition Morgan gave seven days after signing the supplemental affidavit. After comparing the deposition testimony with the supplemental affidavit, we still conclude the district court abused its discretion in refusing to consider Morgan's averment his employers were not the owners of the PDR tools. Some of the statements in Morgan's deposition again merely address the provision of the tools, and not the controlling issue whether ownership passed to Morgan or remained with his employers at that time. Other statements in which

-5-

Morgan purports to admit the PDR tools were "company property" rather than his own are ambiguous. For example, we can infer from the record some PDR tools were commonly referred to as "Dent Wizard" tools because that was their brand name, such as referring to a camp stove as a Coleman® stove. Thus, Morgan's affirmative answer when asked the question whether he was transporting "Dent Wizard tools and equipment" does not necessarily constitute an admission Dent Wizard owned the tools. This ambiguity in the record is compounded by the fact neither Dent Wizard or Francois submitted any documentation (i.e., a depreciation schedule for tax purposes) establishing their ownership of the tools in question, which, it seems, either could have easily done if, in fact, the tools were not Morgan's.

After reviewing the entire record in the light most favorable to Morgan, as we must for summary judgment purposes, e.g., Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004), we conclude there is still a genuine fact issue regarding the actual ownership of the tools in question. Since we are reversing on this issue, it is unnecessary to address Morgan's remaining claims.

We reverse the district court's grant of summary judgment and remand for further proceedings.[1]

————————————————————

_____

[1]Pending before the court is an unopposed motion to strike certain portions of appellees' brief, which we grant, and an opposed motion to sanction appellant's counsel, which we deny.