COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
The court holds that this case must be remanded for further proceedings with respect to three of the four defendants because the district court granted summary judgment “on a basis defendants admit was not raised.” Ante, at 800. I respectfully disagree with this conclusion, and I would affirm the judgment of the district court as to all of the defendants.
The court’s decision is premised on Hughes’s contention that in the district court proceedings, “the defendants only argued against his prima facie showing of retaliation and never discussed any legitimate non-discriminatory reasons for their actions.” Ante, at 800. This assertion by Hughes is incorrect. The defendants argued in support of their motion for summary judgment that “[t]here is no dispute that Mr. Hughes was under investigation for serious violations of Patrol policy,” (J.A. at 162), and that “[t]he uncontrovert-ed material facts establish that it was this misconduct, and not a random comment by Mr. Hughes a year earlier at a private planning meeting, that resulted in Mr. Hughes being disciplined.” (Id. at 163-64). The brief continued that “[t]he evidence is clear and unequivocal that the Plaintiff was demoted and transferred by Stottlemyre because he engaged in serious misconduct, based on what Mr. Hughes admitted he did.” (Id. at 164). That these arguments appeared under a heading asserting “[n]o causal connection” did not delimit the argument to a refutation of the plaintiffs prima facie case. “Causal connection” is a necessary element of the *801 claim, not merely of a prima facie case, see Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004), and the defendants’ brief in the district court never restricted its argument to defeating a prima facie case.
On behalf of defendant Ripley, the brief filed in the district court disputed Hughes’s theory that he was targeted for discipline because he disagreed with Ripley. The brief argued that “Plaintiffs habit of misconduct and laziness were altered upon the arrival of a new corporal, Kevin Fisher,” that “Fisher reported Plaintiffs misconduct,” and that Ripley signed the complaints “because he was Plaintiffs supervisor, and he was told to sign by Professional Standards.” (J.A. at 165-66). With respect to defendant Ellis, the brief likewise argued that he signed a complaint that “was generated by Corporal Fisher, who objected to Plaintiff entering his residence without authorization,” and that Hughes’s efforts to justify his actions were largely irrelevant, because “what is determinative is that Fisher initiated the complaints against Plaintiff.” (Id. at 166-67 & n. 6). As for defendant Wilhoit, the brief urged that Hughes’s speech was not “a motivating factor in Wilhoit’s actions because Wilhoit was unaware of that activity.” (Id. at 168).
Not surprisingly, Hughes responded to these arguments by attempting to generate a factual dispute concerning whether he was really demoted and transferred for misconduct and violations of patrol policy. He argued that “[i]n their efforts to pin the investigation of those incidents on Fisher, and thereby shield themselves from responsibility, defendants lied.” (Id. at 283). He asserted that “[t]he Patrol did not discipline others as harshly,” and attempted to marshal evidence of similarly situated employees who were punished less severely for actions that Hughes asserted were comparable. (Id. at 284-85). Hughes’s argument regarding Ripley, Ellis, and Wilhoit sought to question the credibility of their explanations. (Id. at 287-88).
The district court did not abuse its discretion in organizing these arguments under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Graning v. Sherburne County, 172 F.3d 611, 615 (8th Cir.1999) (applying McDonnell Douglas to § 1983 First Amendment claim). The McDonnell Douglas method was “never intended to be rigid, mechanized, or ritualistic,” Furnco Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), and there is no requirement that parties use “magic words” to express their argument that the evidence generates no genuine issue of fact for trial. The substance of the arguments presented to the district court involved whether Hughes was demoted and transferred for a legitimate reason independent of his allegedly protected speech. With respect, the “admission” made by the appellees concerning their filings in the district court will not bear the weight assigned to it by the court. While the appellees “admit that they did not state their position in the same language as that used by the District Court,” they assert it is “untrue and unfair to assert that the District Court’s analysis was a surprise to the Appellant.” (Br. of Appellees at 22) (emphasis added). The brief of the appellees devotes five pages to demonstrating how the issue whether the defendants acted against Hughes for a legitimate reason was indeed fully aired before the district court.
The court’s opinion, finding that Hughes has satisfied the “low threshold” of a pri-ma facie case, see Rodgers v. U.S. Bank, 417 F.3d 845, 852 (8th Cir.2005), should not preclude the defendants on remand *802 from pursuing a renewed motion for summary judgment based on the contention that Hughes did not engage in protected activity, see Garcetti v. Ceballos, — U.S. -, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), or that Hughes was demoted and transferred for legitimate reasons. See Hudson v. Norris, 227 F.3d 1047, 1051 (8th Cir.2000) (providing that although court would not consider arguments raised for the first time on appeal, “defendants may raise these issues on remand in a renewed motion for summary judgment, or at some other appropriate juncture, if they wish”). Because I find no procedural error by the district court, however, I would reach the merits and affirm the district court’s conclusion that there is no genuine issue of fact for trial. Even assuming that Hughes engaged in protected speech, he admitted the misconduct underlying the disciplinary complaints that led to his demotion and termination. He failed to produce evidence of similarly-situated employees who were treated differently, and it is undisputed that complaints by Corporal Fisher were the catalyst for the disciplinary complaints against Hughes. It is further undisputed that Lieutenant Wilhoit concluded two investigations, substantially completed a third, and received the assignment for a fourth before he was even aware of Hughes’s alleged protected activity. For the reasons stated in the district court’s thorough opinion, I would affirm the judgment dismissing the complaint. See Hughes v. Stottlemyre, No. 04-4053, 2005 WL 1279027 (W.D.Mo. May 27, 2005).