# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1598

_____

| | | |
|---|---|---|
| Raybrun C. Bramlett, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Velma Clarke, R.N. Arkansas State | * | Eastern District of Arkansas. |
| Hospital; George Konis, M.D. | * | |
| Arkansas State Hospital; Rosie | * | [UNPUBLISHED] |
| Briffon, R.N. Arkansas State Hospital, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Gloria Warren, Reg. Nurse, Arkansas | * | |
| State Hospital, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 5, 2009
Filed: June 8, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Raybrun Bramlett appeals the district court's[1] adverse judgment following a bench trial in his 42 U.S.C. § 1983 action. We first note that because Bramlett did not provide a trial transcript, we are unable to review the district court's factual findings or its determinations regarding witness credibility. See Fed. R. App. P. 10(b)(1) (discussing appellant's duty to order transcript); Van Treese v. Blome, 7 F.3d 729, 729 (8th Cir. 1993) (per curiam) (district court's factual findings after bench trial cannot be reviewed without transcript); Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (where pro se appellant did not order trial transcript, this court could not review claims of judicial bias, evidentiary rulings, or sufficiency of evidence).

Upon careful de novo review of the district court's legal conclusions and application of the law to the facts, we find no reversible error. See United States v. Missouri, 535 F.3d 844, 848 (8th Cir. 2008) (in appeal from civil bench trial, conclusions of law and mixed questions of law and fact are reviewed de novo). Specifically, the magistrate applied the proper legal standard and did not err in concluding that Bramlett had failed to prove a violation of his rights. See Youngberg v. Romeo, 457 U.S. 307, 323 (1982) (under Fourteenth Amendment, treatment decision by professional is presumptively valid unless decision is substantial departure from accepted professional judgment); Revels v. Vincenz, 382 F.3d 874 (8th Cir. 2004) (rights of involuntarily committed patients arise under Fourteenth Amendment).

Accordingly, we affirm. See 8th Cir. R. 47B. In addition, Bramlett's motion for appointment of counsel is denied.

_____

---

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).