# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3582

———————

James W. Detmer,                              *
                                             *
                    Appellant,               *
                                             *   Appeal from the United States
        v.                                   *   District Court for the
                                             *   Western District of Missouri.
Charlene Coe Gilmore; Sharon Britten;        *
Dan Sullivan,                                *   [UNPUBLISHED]
                                             *
                    Appellees.               *

———————

Submitted:  June 29, 2010
    Filed:  July 1, 2010

———————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

James Detmer appeals the district court's[1] adverse grant of summary judgment in this 42 U.S.C. § 1983 action challenging mail restrictions implemented by Fulton State Hospital staff. Following de novo review with respect to those claims that Detmer did not abandon on appeal, see Griffith v. City of Des Moines, 387 F.3d 733,

———————

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

739 (8th Cir. 2004) (claims not briefed on appeal deemed abandoned); Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (summary judgment standard of review), we conclude that Detmer--by merely questioning whether his mail screen was part of his treatment plan--did not meet his burden of establishing a genuine issue of material fact so as to defeat summary judgment, given defendants' evidence that the mail screen was reasonably related to institutional security and Detmer's therapeutic gain, see Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982) (in determining whether constitutional rights of involuntarily committed individual have been violated, court must balance individual's liberty interests against relevant state interests with deference shown to judgment exercised by qualified professionals); Revels v. Vincenz, 382 F3d 870, 874 (8th Cir. 2004) (although involuntarily committed patient of state hospital is not prisoner per se, his confinement is subject to same safety and security concerns as that of prisoner); cf. Thornburgh v. Abbott, 490 U.S. 401, 415-19 (1989) (policy that allows prison officials to reject incoming mail deemed detrimental to security does not violate First Amendment); Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 985-86 (8th Cir. 2004) (regulations involving review of incoming mail must be reasonably related to legitimate penological interests); Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir. 1989) (summary judgment is not defeated by "a random misapplication of a reasonable regulation").

The judgment is affirmed. See 8th Cir. R. 47B.

_____

-2-