SHEPHERD, Circuit Judge,
dissenting in part.
I agree with the majority that the grant of summary judgment with respect to ap-pellees Williams and Anthony should be reversed. However, I would find that ap-pellee Margo Carter has carried her burden on summary judgment and would therefore affirm the grant of sum mary judgment with respect to Spencer’s claims against her.
Carter has demonstrated that Spencer cannot establish an essential element of his retaliation claim — namely that she took a sufficiently adverse action against him— because Spencer was unqualified for the privileges he claims were denied to him in violation of 42 U.S.C. § 1983. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that the moving party’s burden on a motion for summary judgment, in cases in which the ultimate burden of persuasion at trial rests on the nonmoving party, can be satisfied by demonstrating that- the non-moving party cannot establish an essential element of its claim).
The majority focuses on the third element of Spencer’s section 1983 claim requiring a showing of retaliatory motive. However, it overlooks that Spencer must ultimately prove the second element, that “the government official took adverse action against him that would chill a person of ordinary firm ness from continuing in the [protected] activity,” to be successful on his claim. Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004). With respect to Carter, Spencer points to his removal from the IWP as the adverse action. The denial of privileges may be an adverse action in some cases, see Madewell v. Roberts, 909 F.2d 1203, 1204-06 (8th Cir.1990); however, I disagree that a denial of privileges for which a prisoner is unqualified is a sufficient adverse action.
In Revels, we found that the appellant did not present sufficient evidence of adverse action, in part because he was not qualified for the privileges denied. 382 F.3d at 876-77. The appellant “admitted he had not requested [the privileges]. He also admitted he frequently [engaged in activity,] which would disqualify him for the privileges he sought. Without evidence he requested or was qualified for such privileges, his bare allegations do not show he suffered any adverse action.” Id. (emphasis added).
In Madewell, on which Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir.2007) relies, we held the denial of privileges to be an adverse action under the section 1983 analysis. 909 F.2d at 1025, 1027. Unlike the facts before us, there was no indication in Madewell that the prisoners were unqualified for the privileges. Id. at 1026. In fact, the opposite is true. There, the official attested that the plaintiffs had “as much opportunity for [the privilege] as other inmates.” Id. at 1025. Ultimately, the prisoner’s allegations of adverse action, in the form of the denial of privileges for which they were qualified, was an adverse action to avoid summary judgment. Id. at 1026.
Viewing the facts in a light most favorable to Spencer, he is unable to establish an, essential element of his claim. As Carter asserts in her affidavit, supported by the internal policy of the Jackson County Department of Corrections, Spencer’s criminal history disqualified him from the IWP. The policy states that inmates will be disqualified if they “have been charged or *915 convicted of ... violent offenses.” Carter presented uncontested evidence that Spencer’s criminal history includes both assault on a police officer and resisting arrest. These offenses are violent. Therefore, Spencer was not qualified to be in the IWP, a conclusion unaltered by the fact that Spencer was initially admitted to the program.
Even if there is a disputed issue of material fact as to whether Carter was motivated by a desire to retaliate against Spencer, Carter’s action in removing him from the IWP was not sufficiently adverse because he was not qualified for the privileges he sought. Accordingly, I would find that Carter has demonstrated that Spencer cannot establish an essential element of his claim, and, therefore, I respectfully dissent in part.