BEAM, Circuit Judge,
concurring in part and dissenting in part.
Because I do not believe “the district court’s account of the evidence is plausible in light of the record viewed in its entirety,” Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), I respectfully dissent with respect to part II.B of the court’s opinion and, therefore, in its decision. I believe the district court committed a mistake in at least two respects. First, in its order the district court relied entirely on the actions of an “unusually resilient and determined” individual, ante at 400, as evidence of how a person of *402 ordinary firmness would respond to the department’s increased regulatory scrutiny. Although the district court acknowledged that “the question is not whether the plaintiff himself was deterred,” it nonetheless based its reasoning entirely on Bennie’s actions. Second, to the extent the district court correctly considered evidence of Bennie’s actual conduct relevant to the person-of-ordinary-fírmness inquiry, it neglected to account for Bennie’s self-censorship at the time he became fully aware of the department’s retaliatory motivation in mid-2011. In looking to the actions of the recipient of retaliation as probative of how an ordinary person might behave, it must be the case that the recipient is aware of the retaliatory motivation behind the adverse action. Although Bennie knew the department was focusing on him in the spring of 2010 and suspected it was because of his political activities, it was not until mid-2011 that he knew the extent to which his political statements impelled the department’s actions. In light of Bennie’s resilient nature, the resulting self-censorship tends to demonstrate, if anything, that an ordinary, less resilient person would react similarly.
A correct evaluation of the record, in my view, compels a finding that the department’s actions would deter a person of ordinary firmness from engaging in protected political speech. The court correctly recognizes that the department, which may suspend or revoke Bennie’s registration as an agent, Neb.Rev.Stat. § 8-1103(9), raised the “issue” of Bennie’s political speech, inquired as to whether LPL regulated such speech, and threatened both Bennie and LPL with “whatever administrative action deemed necessary and appropriate under its authority ... to insure compliance.” Because Bennie, and therefore a similarly situated ordinary person, is employed in a profession “heavily regulated and closely overseen” by the department, ante at 399, the chilling effect of the department’s actions must be evaluated in that context. It is apparent that an agency, empowered to deprive those whom it regulates of their livelihood, could easily overcome the firmness of an ordinary, regulated person by “engag[ing] the punitive machinery of government.” Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir.2003). Bennie, as anyone else, needs to earn a living. It is unsurprising that when confronted with even “marginally increased interest” by his registering agency, ante at 399, Bennie’s unusually firm rdsolve gave way to self-censorship after the mid-2011 records request. It is clear error, I think, not to have concluded in this case that an ordinary person would have done the same.
Additionally, it is clear, as the district court recognized, that employees at the department “were bothered by the plaintiff, in no small part because of the plaintiffs political views, or at least the manner in which he expressed those views. And that antipathy was manifested in the Department’s regulatory attention to the plaintiff.” I would therefore hold that the department’s actions were motivated in part by retaliation against Bennie’s speech and thus that each of the three elements of a First Amendment retaliation claim were satisfied here. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004). Although I do not believe an injunction would be useful, I would remand the case to the district court with instructions to grant Bennie declaratory judgment that the department violated his rights under the First Amendment and for a determination as to the propriety and amount of attorneys’ fees and costs under 42 U.S.C. § 1988.