NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0506n.06
Filed: June 15, 2005

No. 03-2576

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **LORENZO L. JONES**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **BARBARA BOCK**, Warden, et al., | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellees*. | ) | |

BEFORE:     BATCHELDER and COLE, Circuit Judges; REEVES, District Judge[*]

**PER CURIAM**. Plaintiff-Appellant Lorenzo Jones appeals a district court order dismissing

his action brought pursuant to 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth

Amendments of the United States Constitution. For the reasons that follow, we **AFFIRM** the

judgment of the district court.

## I.  BACKGROUND

On November 14, 2000, Plaintiff-Appellant Lorenzo Jones sustained serious injuries from

a motor vehicle accident while he was in custody of the Michigan Department of Corrections. Jones

alleges that after the accident, various prison officials required him to complete tasks which

aggravated his injuries. He argues, *inter alia*, that this action constituted deliberate indifference to

_____

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

his serious medical needs in violation of the Eighth Amendment of the United States Constitution.

The defendants sought dismissal of the complaint based on Jones's failure to exhaust administrative

remedies as required by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat.

1321 (1996) ("PLRA"), codified at various sections of 28 and 42 U.S.C. The district court granted

the motion. This appeal followed.

## II. ANALYSIS

The district court did not err in dismissing the claims against the prison officials based on

Jones's failure to exhaust his administrative remedies. The PLRA requires plaintiffs to exhaust all

administrative remedies before bringing an action in federal court regarding prison conditions. 42

U.S.C. § 1997e(a). This Circuit follows the "total exhaustion" rule, meaning that we must dismiss

a complaint for failure to exhaust administrative remedies whenever there is a single unexhausted

claim, despite the presence of other exhausted claims. *See Bey v. Johnson*, 407 F.3d 801, 806 (6th

Cir. 2005) ("We now join the Tenth and Eighth Circuits in holding that total exhaustion is required

under the PLRA."). An action is one regarding prison conditions where it arises under federal law

and concerns, *inter alia*, the "effects of actions by government officials on the lives of persons

confined in prison." 18 U.S.C. § 3626(g)(2).

This Court has held that in order to meet the exhaustion requirement of the PLRA, a prisoner

must either attach a copy of his prison grievance forms to the complaint or state the nature of the

remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th

Cir. 2000). Jones stated in his complaint that he had exhausted his administrative remedies.

However, he neither attached the grievance forms to his complaint nor described the remedies he

pursued and the outcome. The fact that the defendant later provided evidence that Jones may have exhausted some of his claims is irrelevant under the PLRA and Sixth Circuit precedent. *See Baxter v. Rose*, 305 F.3d 486, 488-90 (6th Cir. 2002). Furthermore, even if Jones had shown he had exhausted some of his claims, the district court properly dismissed the complaint because Jones did not show that he had exhausted all of his claims. *See Bey*, 407 F.3d at 806. Accordingly, Jones's prison-conditions claim was properly dismissed as he did not comply with the exhaustion requirement, as defined by this Court's precedent.

## III.  CONCLUSION

For the preceding reasons, we **AFFIRM** the judgment of the district court.