NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0534n.06
Filed: June 22, 2005

No. 03-2507

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY WILLIAMS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| WILLIAM OVERTON, DAVID JAMROG, | ) | STATES DISTRICT COURT FOR THE |
| MARY JO PASS, PAUL KLEE, CHAD | ) | EASTERN DISTRICT OF MICHIGAN |
| M A R K W E L L ,   G E O R G E | ) | |
| PRAMSTALLER, and BONNIE | ) | |
| PETERSON, | ) | |
| | ) | |
| Defendants-Appellees. | | |

Before: GIBBONS and SUTTON, Circuit Judges, and EDGAR, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-Appellant Timothy Williams, an

inmate in a Michigan Department of Corrections (MDOC) facility, filed a *pro se* § 1983 action

against several employees of the MDOC. The district court dismissed Williams' case without

prejudice based on a finding that Williams had failed to exhaust all of his administrative remedies

as required by 42 U.S.C. § 1997e(a). Williams appeals that determination.

For the following reasons, we affirm the judgment of the district court.

---

[*]The Honorable Robert Allan Edgar, Chief United States District Judge for the Eastern
District of Tennessee, sitting by designation.

**I.**

Williams is an inmate in the custody of the MDOC. Appellant has had "noninvoluting cavernous hemangiomas" in his right arm since birth. This condition creates the growth of tumors and results in disfigurement of his arm.

*Denial of Surgery Claim*

In March 2001, Williams submitted to surgery performed by Khawaja H. Ikram, D.O., to remove a hemangioma, primarily to relieve the pain accompanying his condition. Williams went to K. Nimr Ikram, D.O. in August 2001 and January 2002 for consultations. At both consultations, further surgery to remove hemangiomas and to straighten his wrist was discussed. On Dr. Ikram's referral, Williams went to see Raymond C. Noellert, M.D. in March 2002. Dr. Noellert concluded that surgery would be "a fairly extensive undertaking" and even in the best case scenario, he "would not expect much in the way of digital flexion over strength, with the hand largely functioning as a passive assist." Dr. Noellert discussed this opinion with Williams, and authorized the treatment because Williams "simply cannot stand the hand the way it is."

The Correctional Medical Services ("CMS") denied authorization of the surgery, stating that "functional return of hand is not a known result. Surgery would be cosmetic and dangerous." On March 26, 2002, this result was appealed on the grounds that the "request is for pain relief not to regain function." The request was again denied, due to the "hazards" of the surgery and the "probable futility of it." The result was again appealed on April 8, 2002 and the CMS decided to present the case at an upcoming medical meeting.

Williams completed a Prisoner/Parolee Grievance Form on June 17, 2002, complaining that he had requested medical follow-up care and had not been treated. Williams failed to specifically name any of the appellees in the Grievance. The Medical Services Advisory Committee upheld the non-approval. Williams appealed this decision through Steps II and III of the grievance process, but both appeals were denied.

*Single-Occupancy Cell Accommodation Claim*

On August 13, 2002, Williams requested, among other accommodations, placement in a "handicapped accessible single cell" to accommodate his condition. On August 22, 2002, he filed a Prisoner/Parolee Grievance Form against Warden Jamrog requesting the same accommodation. This request was denied. Williams appealed the denial of placement in a single cell through Steps II and III of the grievance process, but his appeals were denied because he was not eligible under prison regulations for placement in a single occupancy cell. Apparently, at some point Williams was placed in a single occupancy cell, but was later removed from the cell because Williams failed to provide medical documentation or other evidence that he qualified for single cell occupancy. After his removal, Williams filed a Grievance Form against Deputy Warden of Housing Klee and Supervisor Peterson. Williams unsuccessfully appealed the denial of these grievances through Steps II and III of the process.

*District Court Opinion*

Williams filed a *pro se* § 1983 action against various members of the MDOC–Appellees Jamrog, Klee, Markwell, Pass, Peterson and Overton–claiming that (1) he was denied the surgical procedure to remove the tumors in his hand, and (2) he was improperly denied placement in a single

occupancy cell. Williams claimed a violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments, seeking injunctive and monetary relief. In lieu of filing an answer, defendants-appellees Jamrog, Markwell, Pass, Klee, Peterson and Overton filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). United States Magistrate Judge Virginia M. Morgan reviewed the case and issued a Report and Recommendation which recommended that the defendants' motions be granted. The magistrate judge reached the following conclusions: (1) the motion to dismiss should be granted because Williams failed to name any of the defendants specifically in his grievances filed regarding his medical claim, and thus had failed to exhaust his administrative remedies; (2) defendants were entitled to summary judgment due to the fact that Williams failed to present evidence to support his claim with regard to the medical procedure; (3) the defendants were entitled to qualified immunity on Williams' medical claim; (4) defendants should be granted summary judgment on Williams' accommodation claim due to the "total exhaustion" rule based on Williams' failure to exhaust his medical claim; (5) Williams failed to survive the summary judgment standard with respect to his accommodation claim pursuant to the ADA, the Rehabilitation Act, the Eighth or the Fourteenth Amendments; and (6) defendants were entitled to qualified immunity on Williams' accommodation claim.

The district court reviewed the Magistrate Judge's Report and Recommendation and dismissed the complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The district court explicitly failed to address the remainder of the Magistrate Judge's analysis. Williams filed a timely appeal from the district court's order.

**II.**

This court reviews *de novo* a district court's dismissal for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

The district court held that Williams had failed to exhaust his administrative remedies because although he had filed a grievance and pursued the appropriate appeals with regard to the denial of his request for surgery, he failed to identify any of the defendants personally, and thus had failed to exhaust his claim with respect to those individuals as required by *Curry*, 249 F.3d at 504-05. Applying the total exhaustion rule, the district court dismissed Williams' complaint in its entirety, despite the fact that he appears to have exhausted his administrative remedies with respect to the single-occupancy cell accommodation claim.

The Prison Litigation Reform Act requires prisoners who wish to file a civil rights action regarding the conditions of their confinement to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching any decision demonstrating the "administrative disposition of his complaint." *Brown*, 139 F.3d at 1104. The prisoner must demonstrate that he has exhausted the administrative remedies with respect to each individual he intends to sue. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

The exact statutory language of 42 U.S.C. § 1997e(a) states:

No action shall be brought with respect to prison conditions under section 1983 of
this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted.

Until fairly recently, there had been a lack of clear consensus on whether the language of 42 U.S.C. § 1997e(a) compels total exhaustion. Recently, however, this court "definitively answer[ed]" the question of whether a prisoner's complaint containing both exhausted and unexhausted claims must be dismissed under the PLRA in the affirmative. *See Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Pursuant to this circuit's opinion in *Jones Bey*, it is now clear that total exhaustion is required in order for a prisoner to bring a civil rights action in this court. *Id.* at 809.

Williams has failed to satisfy the requirement of total exhaustion under the PLRA, and thus, the district court's judgment must be affirmed. Williams did file a grievance based on the denial of medical treatment, and he appealed the grievance through Steps II and III of the grievance process, thus pursuing the claim through all stages of the process. However, the grievance failed to specifically name any of the appellees that Williams has named in his complaint. Because Williams has failed to exhaust his claims with respect to individual appellees, his complaint must be dismissed under the PLRA. *See Burton*, 321 F.3d at 574 ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim.").

With respect to Williams' accommodation claim, Williams filed a grievance against specific individuals and appealed the grievance through Steps II and III of the process. Thus, it appears that Williams exhausted his administrative remedies on the accommodation claim, a conclusion not contested by the defendants-appellees. Despite Williams' apparent exhaustion of this issue, however, *Jones Bey* requires that the entire action be dismissed due to Williams' failure to exhaust his medical claims. *See Jones Bey*, 407 F.3d at 807.

**III.**

For the foregoing reasons, we affirm the judgment of the district court.