[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16293

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03056-CV-BBM-1

EDUARDO DIAZ,

                                    Plaintiff-Appellant,

versus

DR. MARCUS MOSELEY, M.D.,
JOHN DOE #1,
JOHN DOE #2,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 29, 2006)**

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Gregory A. Presnell, United States District Judge for the Middle District of
Florida, sitting by designation.

Eduardo Diaz, proceeding *pro se*, filed this § 1983 suit alleging civil rights violations by Defendant, Dr. Moseley, and other unidentified Defendants. He appeals the district court's (1) grant of summary judgment for Dr. Moseley, (2) dismissal of the claim for failure to exhaust his administrative remedies, (3) denial of his motion for appointment of counsel, and (4) denial of his motion to compel discovery.[1]

After hearing oral argument and reviewing the record developed by Appellant proceeding *pro se* before the district court, we have determined the record is not sufficiently developed to allow us to review the issues in this case.[2] Where appellate review is "hampered because the record is ambiguous due to

---

[1]This Court is aware that on October 30, 2006, the Supreme Court heard oral argument in the cases of *Jones v. Bock*, No. 03-2576, 2005 WL 1400205 (6th Cir. Jun. 15, 2005), *cert. granted* 126 S. Ct. 1462 (2006), *argued* Oct. 30, 2006, and *Williams v. Overton*, No. 03-2507 2005 WL 1513102, (6th Cir. Jun. 22, 2005), *cert. granted* 126 S. Ct. 1463 (2006), *argued* Oct. 30, 2006.

[2]For example, we are not able to determine the factual basis for the exhaustion issues from the current record on appeal.

inadequate development of the critical facts," we have held it proper to remand to the district court. *United States v. Robinson*, 625 F.2d 1211, 1217 n.7 (11th Cir. 1980) (citations omitted).[3]

VACATED AND REMANDED.

---

[3]The Court appreciates the fine representation of appellate appointed counsel and hopes he would consider accepting appointment to continue to represent Appellant in subsequent proceedings.