Damon **WHEELER**, Plaintiff–Appellant,

v.

**S. BUTLER**, Deputy Superintendent, **K. Simmons**, Captain Napolean, **C.O. McCarthy**, NYS Department of Corrections, Defendants–Appellees.

No. 04–1834–pr.

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

Brian D. Koosed, Kirkpatrick & Lockhart Nicholson Graham LLP (Douglas F. Broder, on the brief), New York, NY, for Plaintiff–Appellant.

Frank K. Walsh, Assistant Solicitor General (Andrea Oser, Assistant Solicitor General, of counsel; Eliot Spitzer, Attorney General of the State of New York, on the brief), Albany, NY, for Defendants–Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Damon Wheeler brought this 42 U.S.C. § 1983 action, *pro se* and *in forma pauperis,* complaining of procedural due process defects at his Tier III prison disciplinary hearing, and of cruel and unusual punishment during his 86–day confinement in Eastern Correctional Facility's special housing unit ("SHU"). The District Court for the Northern District of New York (Warren W. Eginton, *Judge)* granted summary judgment in favor of Defendants–Appellants on both claims. Wheeler filed a timely notice of appeal; he then filed a motion for assignment of *pro bono* counsel, which we granted on April 15, 2005. We assume the parties' familiarity with the facts, procedural posture, and specification of issues on appeal.

In analyzing Wheeler's Eighth Amendment claim, the District Court focused exclusively on whether Wheeler suffered an extreme deprivation of the basic human needs of nutrition, sanitary conditions, and the opportunity for exercise. While the District Court acknowledged that Wheeler was also denied the use of his hearing aids during his SHU confinement, it found that this deprivation did not amount to an Eighth Amendment violation because it did not cause Wheeler to miss "an excessive amount" of meals, showers, hot water, or outdoor recreation.

Wheeler argues that the District Court should have construed his complaint as also stating a claim of deliberate indifference to a serious medical need. "It is well-established that 'when [a] plaintiff proceeds *pro se* ... a court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations.' " *Hemphill v. New York,* 380 F.3d 680, 687 (2d Cir.2004) (alteration in original). In other words, a court must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks omitted). In his amended complaint, Wheeler alleged that he had been diagnosed with a " 'severe' hearing impairment which is classified as a 'physical handicap' by the Medical Dept.," and that the prison medical records documented that he was " 'not fully functional' without the use of [his] hearing aids." Wheeler further alleged that his hearing aids were confiscated upon entry into the SHU and that "they were never returned to [him] even after [he] made numerous requests to get [them] but [he] was purposely denied which felt more like torture...." These allegations more than "suggested" a claim of deliberate indifference to a serious medical need. Accordingly, the District Court erred in failing to consider whether the deprivation of Wheeler's hearing aids could, in and of itself, amount to cruel and unusual punishment under the standards articulated in *Estelle v. Gamble,* 429 U.S. 97, 103–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See, e.g., Koehl v. Dalsheim,* 85 F.3d 86 (2d Cir.1996).

For this reason, we vacate the District Court's judgment denying relief on the Eighth Amendment claim, and remand for further proceedings. On remand, the District Court should determine whether genuine issues of material fact exist as to the

---

* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

objective seriousness of Wheeler's medical need. *See Chance v. Armstrong,* 143 F.3d 698, 702–03 (2d Cir.1998) (listing some factors relevant to evaluating seriousness); *see also Koehl,* 85 F.3d at 88 (finding that the prisoner's need for his eyeglasses could be sufficiently serious, where the complaint "alleged that he required the prescribed eye-glasses to avoid double vision and the loss of depth perception," that "[s]uch visual deficiencies can readily cause a person to fall or walk into objects," and "that he ha[d] experienced such occurrences, and ha[d] suffered injuries as a consequence"). The District Court should also determine whether Wheeler has presented sufficient evidence to support a conclusion that Deputy Superintendent Butler, who is the only defendant against whom the Eighth Amendment claim is directed, acted with a sufficiently culpable state of mind. *See Estelle,* 429 U.S. at 104–06, 97 S.Ct. 285; *see also Koehl,* 85 F.3d at 88.

The District Court dismissed Wheeler's due process claim on the ground that the evidence "previously relative to the Eighth Amendment claim . . . shows that plaintiff suffered no atypical or significant hardship" within the meaning of *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In assessing atypicality under *Sandin,* a court must look to the "actual punishment" imposed. *Scott v. Albury,* 156 F.3d 283, 287 (2d Cir.1998) (per curiam). In this case, the duration of Wheeler's confinement, 86 days, "was not long enough to constitute an atypical and significant deprivation by itself." *Palmer v. Richards,* 364 F.3d 60, 66 (2d Cir.2004); *see also Sealey v. Gilt-*

*ner,* 197 F.3d 578, 589–90 (2d Cir.1999). The atypicality analysis therefore turns on the conditions of Wheeler's confinement. *See Palmer,* 364 F.3d at 66. If those conditions, taken in totality, were especially harsh "vis-a-vis both the conditions in [segregated] confinement and in the general prison population," they may "violate a liberty interest despite the 'comparative shortness' of [the] confinement." *Id.; see also Sealey,* 197 F.3d at 586.

Because the District Court's findings with respect to the severity of Wheeler's medical need may bear upon the atypicality of his punishment, we vacate the judgment dismissing the Due Process claim. On remand, the District Court should conduct a factual comparison between the particular conditions that Wheeler endured, and the "ordinary" conditions of SHU confinement and of prison life in general, keeping in mind that "[d]isputes about conditions may not be resolved on summary judgment." *Palmer,* 364 F.3d at 65; *see also Colon v. Howard,* 215 F.3d 227, 232 & n. 5 (2d Cir.2000). To further assist appellate review, the District Court should evaluate whether the process provided in this case was constitutionally sufficient—specifically, whether the evidence supplied by the confidential informant, or any other evidence obtained and presented by the prison officials, was sufficiently reliable to support the arson charge and guilty finding against Wheeler. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Luna v. Pico,* 356 F.3d 481, 488 (2d Cir.2004); *see also Sira v. Morton,* 380 F.3d 57, 76–81 (2d Cir. 2004); *Gaston v. Coughlin,* 249 F.3d 156, 163–64 (2d Cir.2001).[1]

---

**1.** The District Court did not reach the issue of qualified immunity. In their brief to this Court, Defendants assert that they are entitled to qualified immunity on the Due Process claim because at the time of Wheeler's disci-

plinary hearing in early 2000, we had not yet decided *Colon v. Howard,* which found that "[c]onfinement in normal SHU conditions for 305 days [was] . . . a sufficient departure from the ordinary incidents of prison life to require

Defendants argue that even if the District Court erred in its merits determinations, the judgment should nevertheless stand because Wheeler failed to exhaust the available administrative remedies with respect to his Eighth Amendment claim, and under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), the failure to exhaust even one claim is fatal to the action as a whole. Wheeler counters that Defendants are estopped from asserting non-exhaustion as a defense because Deputy Superintendent Butler allegedly harassed him into withdrawing a grievance that he submitted following his release from the SHU. Defendants assert that the above grievance had nothing to do with the conditions of Wheeler's SHU confinement, and in any event, the filing of that grievance—and the purported harassment by Butler—occurred more than 14 days after Wheeler left the SHU. *See* 7 N.Y.C.R.R. § 701.7(a)(1) ("An inmate must submit a complaint to the grievance clerk within 14 calendar days of an alleged occurrence. . . ."); *Hemphill*, 380 F.3d at 682 n. 3. In response, Wheeler contends that the record contains evidence that he complained to Butler directly about the "many difficulties" he faced while serving his sentence in the SHU.

The District Court made no findings on exhaustion or estoppel. We therefore take no position on these issues at this time, and leave them to be determined by the District Court in the first instance in light of our intervening decisions in *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir.2004) (per curiam) and *Hemphill*, 380 F.3d 680.[2] As for Defendants' contention that the PLRA requires total exhaustion, we rejected such a rule in *Ortiz v. McBride*, 380 F.3d 649 (2d Cir.2004). We note, however, that the Supreme Court is presently considering the issue in three cases appealed from the Sixth Circuit. *See Jones v. Bock*, 135 Fed. Appx. 837 (6th Cir.2005) (unpublished disposition), *cert. granted,* —— U.S. ——, 126 S.Ct. 1462, 164 L.Ed.2d 246 (2006); *Walton v. Bouchard*, 136 Fed.Appx. 846 (6th Cir.2005) (unpublished disposition), *cert. granted,* —— U.S. ——, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006); *Williams v. Overton*, 136 Fed.Appx. 859 (6th Cir.2005) (unpublished disposition), *cert. granted,* —— U.S. ——, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006). We therefore defer ruling on this matter until the Supreme Court provides further guidance.

For the foregoing reasons, the judgment of the District Court is VACATED. Pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), we REMAND this case to the District Court for further findings on the issues identified in this order.[3] Following the District Court's decision, any party to this appeal may restore jurisdiction to this Court within 30 days by letter to the Clerk's Office seeking review. Should the parties wish to submit supplemental briefs

---

procedural due process protections under *Sandin.*" 215 F.3d at 231. Because Defendants failed to raise this particular argument in their summary judgment motion, we decline to consider it here. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994). On remand, the District Court should consider any specific arguments of qualified immunity raised by Defendants.

**2.** If appropriate, the District Court may also wish to consider whether any "special circumstances" justify a failure to exhaust in this case. *See Giano v. Goord,* 380 F.3d 670, 676–77 (2d Cir.2004).

**3.** We appointed counsel on appeal to represent Wheeler and suggest to the District Court that it also may wish to consider appointing counsel for Wheeler in view of the complexity of the issues involved. We leave it to the District Court and the parties to determine whether supplemental briefing or additional submission of evidence is appropriate.

regarding the proceedings before the District Court or the Supreme Court's decision in *Jones v. Bock,* they must so inform the Clerk's Office in their letter. The case shall be assigned to a new panel in the normal course.