**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6455**

---

RASHID QAWI AL-AMIN,

                                   Plaintiff - Appellant,

       versus

LINDA SHEAR, in her individual and official
capacities; RUFUS FLEMING, in his individual
and official capacities; G. P. WILLIAMS, in
his individual and official capacities; D. M.
FERGUSON, in his/her individual and official
capacities; S. J. ADVENT, in his individual
and official capacities; S. BAYLOR, in his
individual and official capacities; CHARLIE
DAVIS, in his individual and official
capacities; M. L. POPE, in his individual and
official capacities; MR. FERROW, in his
individual and official capacities; C.
ALDERMAN, in his individual and official
capacities; B. BROCK, in his individual and
official capacities,

                                 Defendants - Appellees,

       and

GENE JOHNSON, in his official capacity,

                                 Defendant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (CA-04-346-2)

---

Argued: May 25, 2006          Decided: February 21, 2007

---

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** Paul F. Rugani, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Mark Ralph Davis, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** Neal L. Walters, Pauletta J. Brown, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Judith W. Jagdmann, Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashid Qawi Al-Amin contends that the district court erred in dismissing his suit for failure to exhaust administrative remedies; in the alternative, Al-Amin contends that the district court should have dismissed any unexhausted claims from his complaint and allowed his exhausted claims to proceed forward. In light of the Supreme Court's decision in Jones v. Bock, 549 U.S. __ (Jan. 22, 2007), we conclude that the district court erred in dismissing all of Al-Amin's claims; accordingly, we vacate the district court's order and remand for further proceedings.

I.

Rashid Qawi Al-Amin is a state prisoner at the Greensville Correctional Center in Virginia. In 1991, Al-Amin formerly changed his name from Donald Tracy Jones to Rashid Qawi Al-Amin after converting to Islam. In 1999, Al-Amin was transferred to the Greensville Correctional Center, where the prison officials have refused to recognize his legal name change. Over a period of years, Al-Amin filed several administrative grievances relating to his name and the accommodation of his religious practices at the prison. In May 2004, Al-Amin filed the present suit in the Eastern District of Virginia alleging violations of 42 U.S.C.A. § 1983 (West 2003 & Supp. 2006) and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.A. § 2000c et seq.

3

(West 2003 & Supp. 2006).  Al-Amin divided his claims into five broad categories:  (1) the prison's "failure to give proper effect to [a] court order which legally changed his name," (2) the "denial of religious diet during Ramadan," (3) the "discriminate denial of religious material," (4) the "discriminate imposition of [a] burden on his right to observe his religious prayer," and (5) "inadequate religious diet."  (J.A. at 7-8.)  Contained within Al-Amin's first issue were the following grievances:  (a) he was denied incoming and outgoing mail privileges unless he used the name "Jones"; (b) he was denied access to his inmate account unless he used the name "Jones"; (c) the prison staff continues to refer to him as "Jones" and threatens him with disciplinary action if he refuses to acknowledge the name "Jones"; and (d) the prison requires him to use "Jones" to receive (1) his medication, (2) his daily meals, (3) medical services, and (4) to attend religious services.  Al-Amin requested a declaratory judgment and compensatory damages.

The named prison system defendants (the prison officials) moved to dismiss Al-Amin's complaint, alleging that Al-Amin had not exhausted his administrative remedies on each of the claims.  In support of its motion to dismiss, the prison system submitted the affidavit of R. Woodson, the Grievance Coordinator at the Greensville Correctional Center.  Woodson stated that Al-Amin had exhausted his administrative remedies "pertaining to [the] denial of his religious diet during Ramadan," "pertaining to an Islamic

4

videotape and two audio tapes he purchased to donate to the chaplain library," and "pertaining to Muslims being denied the right to pray in common areas." (J.A. at 59-60.) Woodson could find no grievance petitions relating to the seven claims listed under Al-Amin's "Failure to give proper Effect to the Court order" heading. In response to the prison system's motion to dismiss, Al-Amin stated that he had a copy of the exhausted grievance pertaining to the denial of access to his inmate account and copies of a grievance filed on January 14, 2004, pertaining to the medical and food services departments' failure to recognize his legal name and his inability to receive incoming or outgoing mail under that name.

The district court granted the prison system's motion to dismiss Al-Amin's complaint without prejudice. The district court based its decision only on a review of the facts related to Al-Amin's claims concerning the prison system's alleged failure to give effect to the court order, reasoning that Al-Amin had not exhausted his administrative remedies on his claims relating to his inability to send or receive mail under his legal name, the prison system's requirement that he use the name "Jones" to attend religious services, threats by prison staff requiring him to acknowledge the name "Jones," and the medical and food service departments' refusal to recognize his new name. The district court did find, however, that Al-Amin exhausted his grievance relating to

5

the denial of access to his inmate account. The district court deemed it unnecessary to further review the complaint because it found that the failure to exhaust these claims required dismissal of the entire complaint without prejudice under 42 U.S.C.A. § 1997e (West 2003 & Supp. 2006). The district court interpreted § 1997e(a)'s language -- that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted" -- to require it to dismiss Al-Amin's suit in its entirety. Al-Amin timely appealed.

## II.

Before we may examine the § 1997e issue, we must first assure ourselves that Al-Amin has presented us with a final appealable order under 28 U.S.C.A. § 1291 (West 2006). "Generally, an order dismissing a complaint without prejudice is not an appealable final order under 28 U.S.C. § 1291 when 'the plaintiff could save his action by merely amending his complaint.'" Young v. Nickols, 413 F.3d 416, 418 (4th Cir. 2005)(quoting Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993)). The posture of Al-Amin's suit is similar to that of the plaintiff's in Domino Sugar. In Domino Sugar, the district court had dismissed the Company's complaint without prejudice "on account of the Company's failure to exhaust contractual remedies." Id. at 1067 (internal alteration and quotation marks omitted). We

6

concluded that the district court's order was final and appealable because no amendment to the <u>complaint</u> could cure the defect and because the district court "essentially made a final ruling that the Company had to proceed to arbitration before seeking judicial relief." <u>Id.</u> Here, the district court issued a similar ruling; it required Al-Amin to proceed with the administrative grievance process prior to seeking judicial relief. Because the alleged defect in Al-Amin's action is not apparent on the face of his complaint, such as a pleading error, the defect cannot be remedied through an amendment to the complaint.[*] We, therefore, are satisfied that we have jurisdiction under 28 U.S.C.A. § 1291.

## III.

Having satisfied ourselves that Al-Amin's appeal presents us with a final appealable order, we turn to the merits of his case. "Whether a district court properly required a plaintiff to exhaust her administrative remedies before bringing suit in federal court is a question of law. . . . Therefore, we review the district

---

[*]In <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005), we held that an inmate is not required to allege exhaustion of remedies in his complaint; instead, we viewed an inmate's failure to exhaust remedies as an affirmative defense. <u>Id.</u> The Supreme Court recently affirmed this understanding. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. __, __ (Jan. 22, 2007) (slip op. at 15) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

court's order de novo." Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (4th Cir. 1997).

It is undisputed that the Prisoner Litigation Reform Act (PLRA) requires prisoners to exhaust their administrative remedies before seeking relief in the federal courts. 42 U.S.C.A. § 1997e(a); see also Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)("There is no dispute that [the] language [of § 1997(e)] requires a prisoner to 'exhaust' administrative remedies. . . ."). Here, however, we must determine the proper course for a district court to follow when a prisoner's complaint contains a mixture of unexhausted and exhausted claims. Because this issue has divided the courts, the Supreme Court granted certiorari to decide, inter alia, whether the PLRA prescribes a "total exhaustion rule" that requires a district court to dismiss a prisoner's complaint whenever that complaint contains multiple claims and at least one of those claims is not exhausted. We held decision in this case in abeyance pending the Court's opinion.

In Jones v. Bock, the Supreme Court answered that question in the negative. 549 U.S. __, __(Jan. 22, 2007) (slip op. at 20-23). The district court in Jones had dismissed prisoner Jones's complaint because it failed to allege how he had exhausted his administrative remedies. On appeal, the Sixth Circuit held in the alternative that "even if Jones had shown he had exhausted some of his claims, the district court properly dismissed the compliant

8

because Jones did not show that he had exhausted all of his claims." Jones v. Bock, 135 Fed. Appx. 837, 839 (6th Cir. 2006) (per curiam). The Supreme Court reversed the Sixth Circuit's holding and remanded for further proceedings. In so doing, the Court explained that the correct path for a district court to take under the PLRA when faced with multiple claims, some of which are exhausted and some of which are not, is to "proceed[] with the good and leave[] the bad." Jones, 549 U.S. at __ (slip. op. at 21). In short, "only the bad claims [should be] dismissed; the complaint as a whole [should] not." Id. (internal alteration and quotation marks omitted).

Here, the district court "adopt[ed] the total exhaustion rule for complaints governed by the PLRA," (J.A. at 186), and dismissed Al-Amin's complaint after finding that he had failed to exhaust administrative remedies "for some claims raised in this action," (J.A. at 187.) In light of the Supreme Court's opinion in Jones, however, we can now say with certainty that the district court's interpretation of the statue was incorrect. The district court committed legal error in reading a total exhaustion requirement into the PLRA.


IV.

Because the district court erred in interpreting the PLRA to require total exhaustion, we vacate its judgment and remand for

9

further proceedings. Although Al-Amin also contends that the district court erred in finding that some of his claims were not exhausted, we find no error in the district court's specific exhaustion determinations. But because the district court was operating under the mistaken assumption that the PLRA required total exhaustion, it found only that some of Al-Amin's claims were not exhausted, which made it unnecessary to address whether his remaining claims had been exhausted. Accordingly, we leave it for the district court to address in the first instance all of Al-Amin's remaining claims and determine which of those claims have been properly exhausted.

<u>VACATED AND REMANDED</u>