915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALAN R. LARGE, Plaintiff-Appellant,
v.
WASHINGTON COUNTY DETENTION CENTER, Defendant-Appellee.
 No. 90-6610
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: September 20, 1990
Decided: October 16, 1990
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-1014-S)
 Alan R. Large, Appellant Pro Se.
 Thomas Michael Preston, ANDERSON, COE & KING, Baltimore, Maryland, for Appellee.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alan R. Large, an inmate at the Washington County Detention Center in Maryland, was involved in two fights with other inmates in December 1989, one of which left him with a permanent hearing loss in his right ear. He filed a claim against the Detention Center under 42 U.S.C. Sec. 1983 claiming (1) that the prison negligently failed to protect him from a known violent inmate, and (2) that the prison has shown deliberate indifference to his serious medical needs by refusing to provide him with a hearing aid. The district court granted summary judgment to the defendant and Large now appeals.
 
 
 2
 We agree with the district court on Large's first claim. The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under 42 U.S.C. Sec. 1983. Davidson v. Cannon, 474 U.S. 344 (1986). Also, Large has admitted that it was he who initiated the fight which resulted in the injuries at issue.
 
 
 3
 However, we disagree with the district court's summary dismissal of the second claim. Under Estelle v. Gamble, 429 U.S. 97 (1976), deliberate indifference to prisoners' serious medical needs violates the Eighth Amendment prohibition against cruel and unusual punishment and states a claim under Sec. 1983. In considering this claim the district court focused only upon the alleged delay in the treatment of Large's hearing loss, and not upon the defendant's refusal to provide him with a hearing aid.[1] While we are aware of no specific authority dealing with the refusal to provide hearing aids as a possible eighth amendment violation, there is ample authority recognizing that the failure to provide comparable basic corrective/medical devices may amount to deliberate indifference to a serious medical need. See Newman v. Alabama, 503 F.2d 1320, 1331 (5th Cir. 1974) (failure to provide eyeglasses and prosthetic devices, inter alia, can constitute deliberate indifference: "Since equally severe harm can be occasioned by the unavailability of eyeglasses and the use of anachronistic and precarious medical techniques and equipment, we should not be any less prone to disparage these deficiencies."), cert. denied, 421 U.S. 948 (1975); Cummings v. Roberts, 628 F.2d 1065 (8th Cir. 1980) (denial of access to wheelchair for three days states a claim of cruel and unusual punishment); LaFaut v. Smith, 834 F.2d 389 (4th Cir. 1987) (failure to provide proper toilet facility and physical therapy to paraplegic inmate showed deliberate indifference to serious medical needs); Hunt v. Dental Department, 865 F.2d 198 (9th Cir. 1989) (loss of dentures for three months and prison officials' failure to take any action to relieve prisoner's pain or to prescribe a soft food diet until new dentures could be fitted stated a claim of deliberate indifference); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1974) (failure to provide necessary psychological or psychiatric treatment to inmates with serious mental or emotional disturbances states a claim of deliberate indifference).
 
 
 4
 It was therefore error for the district court to fail, whether deliberately or by oversight, to consider this specific claim of deliberate indifference. The case must therefore be remanded for first instance consideration of this specific claim by the district court.
 
 
 5
 In remanding, we imply no opinion as to the merits of the claim. We hold only that under appropriate circumstances the refusal to supply a hearing aid to a convict could constitute deliberate indifference to a serious medical need, hence a violation of the eighth amendment rights. Whether this claimant's condition is one of "serious medical need" remains to be decided; the mere fact that one medical report opines that the claimant "would benefit from a hearing aid" may, but need not necessarily, suffice to establish that the "need" is a sufficiently "serious" one. Similarly, the circumstances under which the alleged refusal to provide a hearing aid occurred here may or may not support a finding of "deliberate indifference" on the part of responsible officials. Whether those are issues that may be resolved on the defendants' motion for dismissal or summary judgment is for the district court to determine in the first instance.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 A medical report made part of the record opined, following earlier faulty diagnoses of the nature and cause of Large's hearing loss, that it had been caused by head injuries sustained in the fight and that "he would benefit from a hearing aid in his right ear."