# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 06-41718
Summary Calendar

DON WAYNE COOPER

Plaintiff-Appellant

v.

GARY JOHNSON; DOUGLAS DRETKE; RICHARD TRINCI; MICHAEL J MEGNA; CHUKWUMA ANADUAKA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-553

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Don Wayne Cooper, Texas prisoner # 336589, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Cooper argues that the district court erred in determining that certain of his claims accrued in 1997 and were time-barred and in holding that he had not established that he had a serious medical need for a hearing aid or that the denial of a hearing aid had caused him harm. He also asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court failed to address his request for cosmetic surgery and for relief under the Americans With Disabilities Act (ADA).

We review the dismissal of Cooper's complaint as frivolous for abuse of discretion. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). To the extent that the district court construed Cooper's complaint as raising claims based on conduct that occurred in 1997, the district court did not err in holding that these claims were time-barred. Cooper filed his complaint in September 2004. Accordingly, any 1997 claims are barred by the two-year statute of limitations applicable to § 1983 actions in Texas. See Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006).

Cooper argues that he was denied a hearing aid based on Texas Department of Criminal Justice policy which provides that an inmate who is able to hear out of one ear will not be provided with a hearing aid. Cooper contends that this was solely a financial decision. He asserts that the tinnitus in his left ear causes a constant and severe loud ringing. Cooper argues that the condition is correctable with a hearing aid as evidenced by the fact that the hearing aid he purchased prior to his reincarceration relieved his tinnitus and enabled him to hear from his left ear. This hearing aid broke while Cooper was incarcerated and was determined to be unrepairable.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Cooper asserted before the district court that the denial of a hearing aid causes him pain, interferes with his sleep, and has caused him to become depressed. He also argued that he was denied a hearing aid based on prison policy and financial concerns rather than based on his symptoms and individual need. Cooper's allegations are sufficient to raise a nonfrivolous issue regarding whether the provision of a hearing aid is a serious medical need and whether the respondents

were deliberately indifferent to this need. See Wilson, 501 U.S. at 301-03; Newman v. Alabama, 503 F.2d 1320, 1331 (5th Cir. 1974). Accordingly, we vacate this portion of the district court's decision and remand for further proceedings in accordance with this opinion.

The district court did not address Cooper's claims that he was entitled to cosmetic surgery to repair a deformity to his ear caused by surgery done in the prison or that he was entitled to relief under the ADA. However, any error was harmless as Cooper has not shown that he suffered any harm from the failure to perform cosmetic surgery nor has he shown that he was discriminated against based on his tinnitus such that relief under the ADA might be implicated. See Wilson, 501 U.S. at 297.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED.