PER CURIAM.
Andrew Reid is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (“ADC”). Reid filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to her[1] serious medical needs. Reid appeals the district court’s[2] adverse grant of summary judgment. We affirm.
In the complaint, Reid alleged that the defendants refused to provide hormone-replacement therapy for her Gender Identity Disorder (“GID”). Reid alleged that she had sought treatment for GID from ADC doctors for two years before filing this complaint. In February 2013, Reid attempted to castrate herself, and doctors were only able to save one of her testicles. During recovery, she met with the ADC “GID committee,” which determined that she did not meet the criteria for a GID diagnosis. Four months later, in June 2014, Reid cut off her remaining testicle. She underwent emergency surgery and returned to prison the next day under a seventy-two-hour suicide watch.
Applying de novo review, we conclude that the district court properly granted summary judgment. See Crain v. Bd. of Police Comm’rs, 920 F.2d 1402, 1405-06 (8th Cir.1990). We agree with the district court that Reid’s claims against the defendants in their official capacities are barred by sovereign immunity. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.1997) (holding that a § 1983 damages claim against a state official acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a “person” capable of being sued).
We also agree with the district court that Reid’s claims against the defendants in their individual capacities were barred by qualified immunity. More specifically, we conclude that the evidence, viewed in the light most favorable to Reid, did not establish an Eighth Amendment violation. “A prima facie case alleging ... deliberate indifference requires the inmate-plaintiff to demonstrate that [s]he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need.” Meuir v. Greene Cty. Jail Emps., 487 F.3d 1115, 1118 (8th Cir.2007) (citing Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997)). Reid cannot establish that the defendants’ conduct amounted to deliberate indifference. Numerous mental-health professionals have evaluated Reid, but none have diagnosed her with GID or concluded that GID treatment is appropriate. Reid has a number of other mental health issues for which she has received treatment and monitoring. Her disagreement with these diagnoses and treatment decisions is not actionable under § 1983. See Dulany, 132 F.3d at 1239 (holding that prison doctors remain free to exercise independent medical judgment and that inmates have no constitutional right to their requested course of treatment); White v. Farrier, 849 F.2d 322, 325-28 (8th Cir.1988) (holding that prisoner with GID suffered from serious medical condition, but failure to provide hormone therapy did not *1193 constitute deliberate indifference to that medical need).
The dissent claims that we have read the complaint too narrowly as alleging only the denial of her requested treatment. The dissent instead reads the complaint to allege that the defendants deliberately ignored the risk that Reid would harm herself. We disagree. The complaint makes clear that Reid seeks estrogen-replacement therapy; any other harms alleged directly resulted from the defendants’ decision not to provide this treatment. Reid does not allege any failure to provide general mental health treatment or monitoring unrelated to the denial of her request for GID treatment.
Even if we generously read the complaint to include allegations that the defendants deliberately ignored Reid’s tendency to inflict self harm, we still would affirm. The question on appeal from the grant of summary judgment is not whether Reid has alleged sufficient facts, but whether she has raised a genuine dispute of material fact sufficient for her claims to survive summary judgment. Nat’l Am. Ins. Co. v. W & G, Inc., 439 F.3d 943, 945 (8th Cir.2006). Reid has failed to establish that the medical treatment violated her constitutional rights. As we explained in Meuir:
[The plaintiff] produced neither expert testimony nor documentary evidence to support [her] claim that the treatment provided ... was constitutionally inadequate .... “In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.”
487 F.3d at 1119 (quoting Dulany, 132 F.3d at 1240). In sum, Reid does not suggest any actions that the defendants could have taken to prevent her from inflicting self harm other than providing estrogen-replacement therapy — treatment to which she is not entitled under the law.
Accordingly, we affirm.

. Reid was bom male but identifies as female. This opinion refers to her using feminine pronouns.

. The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerome T. Kear-ney, United States Magistrate Judge for the Eastern District of Arkansas.