# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1457
_____

Emma Rush

*Plaintiff - Appellant*

v.

State Arkansas DWS

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: August 7, 2017
Filed: December 8, 2017
[Published]
_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Emma Rush is a 54-year old, African American woman. She worked for the State of Arkansas Department of Workforce Services ("ADWS") as a Workforce Specialist. In November 2015, Rush applied for a promotion as a Program Supervisor. On December 9, 2015, ADWS informed Rush that she did not receive

the promotion. Rush alleges she was not promoted because of her sex, race, and age. Rush further asserts that a white male in his 30s received the promotion.

In June 2016, Rush sent an unverified letter to the EEOC alleging she was discriminated against on December 9, 2015. The EEOC marked the letter as "received" on June 6, 2016. On June 15, the EEOC sent a Notice of Charge of Discrimination to ADWS. On June 21, an investigator with the EEOC sent Rush a letter asking her to call and arrange an interview about the charge. Then, on June 30, the EEOC sent Rush a letter stating it had not received a verified charge of discrimination, and included a copy of the Form 5 Charge for Rush to sign and return. Nonetheless, the next action that occurred was on July 26, 2016, when the EEOC sent Rush a Dismissal and Notice of Suit Rights form. On July 28, Rush mailed a new verified charge of discrimination on EEOC Form 5 via certified mail.

On October 26, 2016, Rush filed a pro se complaint in district court, alleging sex, race, and age discrimination in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. In her complaint, Rush alleged she filed a charge with the EEOC on June 6, 2016, and received her Notice of Right to Sue on July 28, 2016. Furthermore, Rush attached to her complaint a copy of the unverified letter to the EEOC, the dismissal, and the notice-of-rights form. ADWS filed a motion to dismiss, and the district court referred the matter to the magistrate judge.

The magistrate judge concluded Rush did not exhaust her remedies by filing a charge of discrimination with the EEOC because the charge was not verified. Thus, the magistrate judge recommended the case be dismissed for lack of subject matter jurisdiction because Rush failed to exhaust statutorily required administrative procedures. The magistrate alternatively found that Rush failed to state a claim upon which relief may be granted because her complaint was too sparsely worded to be adequate under Federal Rule of Civil Procedure 8(a). Notably, the magistrate judge stated that it would normally allow a pro se plaintiff to amend her complaint to cure

such deficiencies, but since Rush had not exhausted her administrative remedies, it declined to allow amendment in this case. Finally, the magistrate judge determined it lacked subject matter jurisdiction over Rush's ADEA claim because the ADWS is a state agency protected by Eleventh Amendment sovereign immunity. Rush filed timely objections to the magistrate's recommendations, and included with the objections a signed copy of the verified charge she sent to the EEOC in late July and related USPS tracking information. The district court did not address Rush's objections other than to note she had filed them, and adopted the magistrate's findings and recommendations, specifically stating that there was no "clear error" in the magistrate's order. Rush appeals.

We review de novo a dismissal for lack of subject matter jurisdiction and failure to state a claim. Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 825 (8th Cir. 2008). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

We find that Rush likely adequately exhausted her remedies, and her pleadings indicate this prerequisite, especially on a motion to dismiss. See Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam) (holding that because the plaintiff stated in her form pro se complaint that she filed a charge with the EEOC and attached her right-to-sue letter, the district court improperly dismissed the complaint for failure to exhaust). Further, even if the lack of an initial verified charge would have indicated lack of exhaustion, the documents Rush supplied with her objections, including a copy of the verified charge mailed on July 28 and received by the EEOC on July 30, plus the Notice of Right to Sue, indicate she has cured any deficiency in the exhaustion requirements. See 29 C.F.R. § 1601.12(b) ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made

-3-

therein."); Edelman v. Lynchburg College, 535 U.S. 106, 110 n.2 (2002) (validating 29 C.F.R. § 1601.12(b)). Finally, the district court's failure to conduct a de novo review after Rush filed timely and specific objections (on the exhaustion issue) pursuant to 28 U.S.C. § 636(b)(1) was reversible error. See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (emphasizing the constitutional necessity of de novo review of timely and specific objections so the district court may retain substantial control over the ultimate disposition of the matters referred to a magistrate judge and failure to do so is reversible error).

With regard to the adequacy of Rush's pleadings, we agree with the magistrate's observation that normally pro se plaintiffs in Rush's position are granted leave to amend their pleadings. See Federal Exp. Cor. v. Holowecki, 552 U.S. 389, 402 (2008) (holding that pro se litigants are "held to a lesser pleading standard than other parties"); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that pro se complaints are to be liberally construed). Accordingly, we reverse[1] and remand with directions to allow Rush to amend her pleadings.[2]

—————————————

[1]We affirm the district court's ruling that Rush's ADEA claim was barred by Eleventh Amendment sovereign immunity. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 80 83 (2000); Bunch v. Univ. of Ark. Bd. of Trustees, 863 F.3d 1062, 1067 (8th Cir. 2017).

[2]We deny as moot Rush's pro se motion to this court dated October 6, 2017.