# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1132

_____

Pamela Green, Personal Representative/Administratrix of the Estate of Deandre D. Green, deceased

*Plaintiff - Appellant*

v.

Charles Byrd, Individually and in his Official Capacity as a Police Officer of the City of Helena-West Helena, Arkansas

*Defendant - Appellee*

Neal Byrd, in his official capacity

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: December 12, 2019
Filed: August 27, 2020

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

MELLOY, Circuit Judge.

Plaintiff Pamela Green[1] appeals the district court's[2] adverse grant of summary judgment on her 42 U.S.C. § 1983 claim against the City of Helena-West Helena. We affirm.

Charles Byrd is a police officer for the City of Helena-West Helena, which sits in Phillips County, Arkansas. On Friday, June 28, 2013, Byrd was called to the scene of an alleged drive-by shooting. Based on probable cause developed at the scene, Byrd arrested Deandre Green (Green) and other individuals on various state charges. On Saturday, June 29, another officer swore a probable cause affidavit and obtained a judicial warrant for Green's arrest. On the same day, Green was transported to the Ashley County Jail because Phillips County lacked a 24-hour jail facility at the time. On Monday, July 1, Green went before an Ashley County judge for his first appearance during which he was informed of the charges against him and, among other things, that he had the right to counsel. In October 2013, Phillips County dropped the charges against Green and released him from custody.

On March 8, 2017, Green sued Charles Byrd, in his individual and official capacity, and Neal Byrd, Phillips County Sheriff, in his official capacity. Green brought multiple claims. At this point, all claims against Charles Byrd in his individual capacity have been dismissed, as have all claims against Neal Byrd. The only remaining claim is against Charles Byrd in his official capacity, which is equivalent to a claim against the City. Gorman v. Barch, 152 F.3d 907, 914 (8th Cir. 1998). The claim alleges the City of Helena-West Helena deprived Green of his constitutional right to a prompt first appearance.

---

[1]During the pendency of this appeal, the original plaintiff, Deandre Green, passed away. His widow and personal representative of his estate, Pamela Green, has accordingly been substituted to pursue this appeal.

[2]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

In pleadings and throughout discovery, Green asserted he did not receive a first appearance. The City did not challenge Green's assertion because they had no evidence to the contrary.[3] Given as much, the parties prepared for trial in October 2018. Several weeks before trial, the City's lawyers discovered for the first time a "Record of First Judicial Appearance" in the custody of the Ashley County Jail. The document was dated July 1, 2013, and was signed by Ashley County District Court Judge Reid Harrod, as well as Green. The City filed a motion to continue and for an extension of time to file dispositive motions. The district court continued the trial, and, given the newly discovered evidence, the parties filed cross motions for summary judgment.

In December 2018, the district court granted the City's motion for summary judgment and denied Green's cross motion. The district court ruled Green could not create a genuine dispute of material fact by asserting in a self-serving affidavit that he did not receive a first appearance. The district court also ruled that Judge Harrod had jurisdiction to conduct Green's first appearance and that the doctrines of judicial and equitable estoppel did not bar the City from presenting the newly discovered evidence to prove Green received a first appearance. Green appealed on all grounds except for whether a genuine dispute of material fact exists.[4]

---

[3]Green was also accepted as a class member in a class action that brought claims on behalf of "[a]ll those arrested in Phillips County, Arkansas between 9 October 2012 and 10 November 2016 who did not receive a Rule 8 appearance within seventy-two hours of arrest." Thomas v. Byrd, No. 2:15-cv-00095-DPM, at 1 (E.D. Ark. Nov. 10, 2016), ECF No. 16. Green opted out of the class before filing this suit.

[4]The City continues to argue there is no genuine dispute of material fact in this case. Plaintiff concedes this point and instead focuses on jurisdictional arguments.

We review de novo a district court's ruling on cross motions for summary judgment. Childress v. Fox Assocs., LLC, 932 F.3d 1165, 1170 (8th Cir. 2019). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Schmidt v. City of Bella Villa, 557 F.3d 564, 571–72 (8th Cir. 2009). The parties focus on the second element, Green's alleged constitutional deprivation. Because Plaintiff no longer argues Green was outright denied a first appearance, Plaintiff's argument turns on whether the Ashley County Court lacked jurisdiction to conduct Green's first appearance under Arkansas law.[5]

Plaintiff argues a district court lacks jurisdiction to conduct a first appearance for a defendant who was arrested and charged in a separate county or judicial district. Arkansas law provides the state's courts with clear jurisdiction "for the trial" of certain types of offenses. Ark. Code Ann. § 16-88-101(a) (providing a list of the types of cases—i.e., felony, misdemeanor, impeachment—over which each level of court—i.e., Supreme Court, circuit courts, district courts—has original, exclusive, and/or concurrent jurisdiction). It also provides, more generally, that "[a] district court may issue arrest warrants and search warrants and may perform other pretrial functions, as authorized by the Arkansas Rules of Criminal Procedure, in the prosecution of a person for an offense within the exclusive jurisdiction of the circuit

---

[5]Plaintiff argues we should certify questions of law to the Arkansas Supreme Court. On March 27, 2019, an administrative panel of this Court denied Plaintiff's motion to certify questions of law to the Arkansas Supreme Court, therefore this issue is moot, and, in the alternative, we affirm the ruling of the administrative panel.

court." Id. § 16-88-101(c). The circuit court otherwise has exclusive jurisdiction over felony trials. Id. § 16-88-101(a)(3). We agree with the district court that, in this context, subsection (c) means that any Arkansas district court may perform pretrial functions as necessary and as authorized by the Arkansas Rules of Criminal Procedure. See Wagner v. State, 368 S.W.3d 914, 925–28 (Ark. 2010) (holding that any restriction on a district judge's territorial jurisdiction for purposes of trial does not similarly restrict the judge's authority to issue search warrants under the Arkansas Rules of Criminal Procedure and Ark. Code Ann. § 16-88-101(c)).

Rule 8 of the Arkansas Rules of Criminal Procedure governs first appearances and provides that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." Ark. R. Crim. P. 8.1. A "judicial officer" is defined as "a person in whom is vested authority to preside over the trial of criminal cases," Ark. R. Crim. P. 1.6(c), which includes district court judges. The Arkansas Supreme Court has interpreted Rule 8.1 broadly, allowing judicial officers to perform the pretrial function of issuing search warrants without territorial restriction. See, e.g., Wagner, 368 S.W.3d at 925–28. We agree with the district court that Rule 8.1 should be interpreted to sweep just as broadly for first appearances, as provided for in Ark. Code Ann. § 16-88-101(c) and Ark. R. Crim. P. 8.1. Plaintiff also argues that Ashley County lacked jurisdiction to conduct Green's first appearance because Phillips County assumed exclusive jurisdiction over Green's case by determining probable cause existed and issuing arrest warrants. For the same reasons as above, Plaintiff's argument is without merit.

Given that the Ashley County district judge had jurisdiction and authority to conduct the first appearance, Plaintiff's constitutional claim necessarily fails. The Fourth Amendment requires that a person arrested without a warrant have a prompt determination of probable cause, but no later than forty-eight hours after arrest. Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Similarly, the "Due Process Clause forbids an extended detention, without a first appearance, following arrest by

-5-

warrant." Hayes v. Faulkner Cty., 388 F.3d 669, 673 (8th Cir. 2004). Green received both a prompt probable cause determination and a prompt first appearance. On June 30, a Phillips County judge made a probable cause determination and found sufficient cause existed to continue to hold Green and to issue warrants for his arrest.[6] On July 1, Judge Harrod conducted Green's first appearance in Ashley County, where Green was transferred because Phillips County lacked a 24-hour jail facility. Because Judge Harrod had jurisdiction to conduct the hearing, Green was not deprived of his constitutional right to a prompt first appearance.

Plaintiff also argues the City should have been judicially estopped from asserting that Green received a first appearance when earlier in litigation, and separately in the class action, it had effectively conceded he did not. The equitable doctrine of judicial estoppel, as articulated in New Hampshire v. Maine, 532 U.S. 742 (2001), serves to "to protect the integrity of the judicial process," id. at 749 (citation omitted), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," id. at 750 (citation omitted). Because the City discovered new evidence and presented it promptly to the court, the district court did not abuse its discretion in finding the doctrine inapplicable here. Jones v. Bob Evans Farms, Inc., 811 F.3d 1030, 1032 (8th Cir. 2016) (standard of review). In a similar vein, the doctrine of equitable estoppel is not properly invoked here because there has

---

[6]By obtaining an arrest warrant subsequent to arrest, the City appears to have complied with Arkansas Rule of Criminal Procedure 4.1(e), which provides that "[a] person arrested without a warrant shall not be held in custody unless a judicial officer determines, from affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person committed an offense." Rule 4.1(e) further provides that the judicial determination shall be made within 48 hours of the time of arrest, except in "extraordinary circumstances," and may be made at the first appearance of the arrested person pursuant to Ark. R. Crim. P. 8.1. See also Ark. R. Crim. P. 8.3(c).

been no showing that the City knew of Green's first appearance before the new evidence was discovered or that the City tried to induce Green to act to his detriment. Bartlett v. U.S. Dep't of Agric., 716 F.3d 464, 475–76 (8th Cir. 2013) (listing the elements of equitable estoppel); King v. Powell, 148 S.W.3d 792, 799 (Ark. 2004) (listing the elements of equitable estoppel under Arkansas law), overturned on other grounds by Ark. R. Crim. P. 50.

Based on the foregoing, Plaintiff's claims against the City fail for lack of a constitutional violation. Accordingly, we affirm.

_____