# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1432
_____

Christopher Eugene De Rossitte

*Plaintiff - Appellant*

v.

Correct Care Solutions, LLC., (CCS), Arkansas Department of Corrections (ADC)
health care provider; Nurse Melissa Gifford; Dr. Nannette Vowell

*Defendants - Appellees*

Health Svc Admin Andrea Beasley; Director of Nursing Cyanmon Burnett;
Nurse Gwendolyn E. Hart; Nurse Nichole A. Robinson;
Nurse Jane Doe, Medical Records Clerk, ADC;
Rory Griffin, Deputy Director for Health and Correctional Programs, ADC

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: September 23, 2021
Filed: January 10, 2022
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Christopher De Rossitte, an inmate unsatisfied with his medical care, sued his healthcare provider and its medical staff for constitutional violations under 42 U.S.C. § 1983 and state law medical malpractice. The district court granted summary judgment in favor of the health care provider and its medical staff. We affirm in part and reverse in part.

## I. Background

Christopher De Rossitte is an inmate in the custody of the Arkansas Department of Corrections. Correct Care Solutions, LLC ("CCS"), which employs Dr. Nannette Vowell and Nurse Melissa Gifford, is De Rossitte's prison healthcare provider. This case concerns De Rossitte's three allegations of deliberate indifference related to the medical care provided by CCS and its staff (collectively, "Appellees").

He first alleges Appellees failed to diagnose him with a "likely" bacterial infection and to treat the symptoms he allegedly suffered from it. In February 2016, De Rossitte filed a grievance relating to this alleged infection, and he filed at least three more grievances during 2016 complaining about his pain and expressing dissatisfaction with Appellees' care related to the infection. De Rossitte claimed to suffer many symptoms from this alleged bacterial infection, including: pain in his face and head, headaches, excessive thirst, difficulty swallowing, boils and bumps on his face, eye pain and irritation, blurred and dimmed vision, inflammation of his eyelids, earaches, muscle weakness and pain, shortness of breath, sinus issues, cough, edema on arms, rashes, urine irregularities, blood test abnormalities, and nausea. Rather than treating him, though, he alleges Vowell and Gifford retaliated against him.

He second alleges Appellees refused to provide him with functioning hearing aids. Between February 2016 and March 2017, De Rossitte filed at least five grievances requesting functioning hearing aids and replacement hearing aid batteries. In his February 2016 grievance, De Rossitte said CCS lost his hearing aid

while CCS was trying to repair it and failed to provide him with a replacement, leaving him with only a "broken" and "insufficient" hearing aid. Though the Health Services Director concluded this grievance had merit, De Rossitte alleges he did not receive a new hearing aid until over six months later. De Rossitte claims that though he received hearing aid batteries in response to some of his requests, he often went "days or weeks" without batteries and, thus, without a functioning hearing aid. He alleges this left "his daily interactions difficult for over a year." He alleges that, in total, he went over three months without functioning hearing aids between February 2016 and February 2017.

His third allegation, which was not included in his last amended complaint, claims Appellees refused to assess and provide reconstructive surgery for his broken ankles. De Rossitte alleges this ultimately led to the amputation of his right foot.

De Rossitte sued Appellees for constitutional violations under 42 U.S.C. § 1983, alleging deliberate indifference and retaliation. He also sued for medical malpractice under Arkansas law. Appellees moved for summary judgment, which the district court granted for the constitutional claims while declining to exercise supplemental jurisdiction over the remaining state law medical malpractice claim. De Rossitte appeals.[1]

## II. Analysis

We review summary judgment rulings de novo. *Redmond v. Kosinski*, 999 F.3d 1116, 1119 (8th Cir. 2021). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the non-moving party. *Redmond*, 999 F.3d at 1119.

---

[1]We have not considered De Rossitte's pro se appellate brief because he later obtained representation and filed a brief through counsel. *See United States v. Robertson*, 883 F.3d 1080, 1087 (8th Cir. 2018).

De Rossitte alleged two constitutional violations under 42 U.S.C. § 1983: deliberate indifference and retaliation. To state a claim under 42 U.S.C. § 1983, he must show "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived [him] of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571–72 (8th Cir. 2009)). De Rossitte satisfies the first element. Private entities and their employees may be state actors when "the government acts jointly with" them. *See Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) (quoting *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019)). Appellees concede they acted under color of state law. With this element established, we consider De Rossitte's constitutional claims in turn.

## A. Deliberate Indifference

The Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. A state violates this prohibition when it is deliberately indifferent to a prisoner's serious medical needs. *Redmond*, 999 F.3d at 1120. De Rossitte alleges Vowell, Gifford, and CCS were deliberately indifferent to his medical needs in several ways.

De Rossitte sued Vowell and Gifford for deliberate indifference relating to their care of his ankles, his alleged infection and its "symptoms," and his hearing needs. To prevail, he must show: (1) he had "an objectively serious medical need," and (2) Vowell and Gifford "knew of and disregarded that need." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). An objectively serious medical need is one that has been "diagnosed by a physician as requiring treatment" or one "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (quoting *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016)). The second subjective element requires Appellees to have "recognized that a substantial risk of harm existed *and* kn[own] that their conduct was inappropriate in light of that risk." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Letterman v. Does*, 789 F.3d 856, 862 (8th

-4-

Cir. 2015)).  This subjective standard is "akin to that of criminal recklessness," requiring more than negligence.  *Blair v. Bowersox*, 929 F.3d 981, 987–88 (8th Cir. 2019).

De Rossitte has waived his ankle treatment allegation.  He did not include it in his second amended complaint—the only complaint with legal effect.  *See Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020).  He also disavowed the allegation in his deposition.

De Rossitte does not establish deliberate indifference regarding the non-diagnosis of his alleged bacterial infection.  Though De Rossitte has been evaluated by many medical professionals, his medical records do not reveal any diagnosis of an infection.  De Rossitte's disagreement with their diagnosis, or lack thereof, does not establish a deliberate indifference claim.  *See Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015).

To the extent he complains about Vowell's and Gifford's care for his alleged symptoms,[2] he does not establish deliberate indifference.  Most of his alleged symptoms, by his own admission, are likely "nothing serious."  Regardless, neither Vowell nor Gifford disregarded his alleged symptoms.  They ensured he was examined regularly by many providers for his complaints, gave him nortriptyline to treat his insomnia and pain, and enrolled him in chronic care clinics where he was evaluated and his blood was regularly tested.  De Rossitte has not shown either Vowell's or Gifford's actions were akin to criminal recklessness.  *See Blair*, 929 F.3d at 987.

De Rossitte's allegation regarding his hearing is a horse of a different color. De Rossitte's hearing loss is objectively serious: a physician has diagnosed De

---

[2]We refer to these complaints as "symptoms" because De Rossitte calls them such.  That said, they may be better characterized as separate medical issues.

Rossitte with sensorial hearing loss requiring treatment with bilateral hearing aids.[3] If a jury credited De Rossitte's allegations, it could infer Vowell and Gifford were deliberately indifferent to his hearing needs. Specifically, De Rossitte alleges Vowell and Gifford "frequently" left him without replacement hearing aid batteries causing his hearing aids to be "non-functional for days or weeks," resulting in a cumulative total of over three months without functioning hearing aids.[4] He alleges this left "his daily interactions difficult for over a year" and "impair[ed his] daily activities." Vowell's and Gifford's alleged repeated pattern of neglect could justify an inference of deliberate indifference. *See DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990). Their repeated delays in providing batteries would have severely limited De Rossitte's basic human need to hear, detrimentally impacting his ability to function and putting him at risk of harm.

On summary judgment, the district court was required to look at the facts and make all reasonable inferences in the light most favorable to De Rossitte. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). The district court failed to do so. The district court stated: "De Rossitte has always possessed at least one functioning hearing aid throughout the time in question." The deposition shows that, at the very least, there is a genuine issue of fact about this. And when the facts and reasonable inferences are taken in the light most favorable to De Rossitte, the opposite is true. We reverse on this claim.

---

[3]We agree with other circuits that, in certain circumstances, "severe hearing loss may be a serious medical need" under the deliberate indifference standard. *See Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir. 2013); *see also Cooper v. Johnson*, 255 F. App'x 891, 892 (5th Cir. 2007) (unpublished); *Wheeler v. Butler*, 209 F. App'x 14, 15 (2d Cir. 2006) (unpublished); *Large v. Wash. Cnty. Det. Ctr.*, 915 F.2d 1564, 1990 WL 153978, at *2 (4th Cir. 1990) (unpublished table decision).

[4]We consider De Rossitte's second amended complaint as evidence for purposes of summary judgment because it was made under penalty of perjury. *See Berry v. Doss*, 900 F.3d 1017, 1022 (8th Cir. 2018).

De Rossitte also alleges CCS was deliberately indifferent to his medical needs. As a private entity acting under color of state law, CCS may "only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993). The "test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.* at 976. De Rossitte provides no evidence of any CCS policy, custom, or action by those representing official policy that inflicted a § 1983 injury.[5] De Rossitte's deliberate indifference claims against CCS fail.

## B. Retaliation

De Rossitte asserts Vowell and Gifford retaliated against him for exercising his First Amendment rights. To prevail, he must show: "(1) he engaged in a protected activity, (2) [officials] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Waters v. Madson*, 921 F.3d 725, 741 (8th Cir. 2019) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

De Rossitte engaged in First Amendment protected activity here by filing prison grievances. *See Gonzalez v. Bendt*, 971 F.3d 742, 744–45 (8th Cir. 2020). He alleges Vowell and Gifford took adverse action against him which, though not chilling him from filing grievances, would chill a person of ordinary firmness from doing so. Specifically, he alleges both Vowell and Gifford delayed treating him, restricted his access to medical care, and failed renewing his prescriptions and other necessary medical items.

---

[5]We decline drawing an adverse inference against CCS for not providing documentation relating to any relevant policies in discovery because De Rossitte cites no evidence such a policy existed. *Cf. Langford v. Norris*, 614 F.3d 445, 461–62 (8th Cir. 2010).

De Rossitte's retaliation claims fail, however, as to the final element, as he does not establish retaliatory motive. He must show the protected activity was a "'but-for cause' of the adverse action, 'meaning that the adverse action against the plaintiff would not have been taken absent [a] retaliatory motive.'" *Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021) (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)). Though this "is generally a jury question," it may "provide a basis for summary judgment when the question is so free from doubt as to justify taking it from the jury." *Id.* (quoting *Revels*, 382 F.3d at 876). This is one such occasion. De Rossitte cites no evidence, either direct or indirect, linking any adverse action to the filing of his prison grievances. His mere allegations of retaliatory motive are insufficient. *See Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). We affirm the district court's grant of summary judgment on this claim.

## III.  Conclusion

We reverse and remand the district court's grant of summary judgment as to De Rossitte's deliberate indifference claim regarding his hearing aids. Because there is now a federal question, we also reinstate the medical malpractice claim on remand. *See* 28 U.S.C. § 1367(a). We affirm the remainder of the district court's judgment. We deny De Rossitte's pro se motion to reassign this case to another judge on remand.

_____