# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3140
_____

Damien Ford

*Plaintiff - Appellant*

v.

Wendy Kelley, Former Director, ADC; Dexter Payne, Director, ADC; Gibson, Warden, Varner Unit; Shipman, Warden, Varner Unit

*Defendants*

Butler, Sergeant, Varner Unit

*Defendant - Appellee*

Carrol, Major, Varner Unit; Christopher, Lieutenant, Varner Unit

*Defendants*

Bailey, Officer, Varner Unit; Chapman, Officer, Varner Unit; Scott, Nurse, Varner Unit

*Defendants - Appellees*

Correct Care Solutions

*Defendant*

Lupor, Nurse, Varner Unit

*Defendant - Appellee*

Submitted: February 23, 2022
Filed: February 28, 2022
[Unpublished]
_____

Before BENTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Damien Ford appeals following the district court's dismissal of some claims, and grant of summary judgment for defendants on his remaining claims, under 42 U.S.C. § 1983. For the reasons stated below, we affirm in part, reverse in part, and remand the case for further proceedings.

Initially, we find that the district court did not abuse its discretion in denying Ford's untimely motion to compel, see Kilpatrick v. King, 499 F.3d 759, 766 (8th Cir. 2007) (standard of review); and we find no merit to Ford's judicial bias argument, see Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute valid basis for finding of bias).

As to the merits, we agree that Ford failed to state Eighth Amendment deliberate indifference claims against nurses Scott and Lupor, as the injuries that they allegedly failed to examine or treat--Ford's inner lip laceration and a knot on the back of his head, without other symptoms--were not objectively serious medical needs. See De Rossitte v. Correct Care Sols., LLC, 22 F.4th 796, 802 (8th Cir. 2022) (objectively serious medical need is one that has been diagnosed by physician as

requiring treatment, or one so obvious that even layperson would easily recognize need for doctor's attention); <u>Kaden v. Slykhuis</u>, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (de novo review of dismissal under 28 U.S.C. § 1915A). We also agree that Ford failed to properly exhaust his claim against defendant Chapmon. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 94-95 (2006) (to exhaust claim, prisoner must complete grievance process in accordance with applicable procedural rules); <u>De Rossitte</u>, 22 F.4th at 802 (de novo review of grant of summary judgment); <u>Hammett v. Cofield</u>, 681 F.3d 945, 948-49 (8th Cir. 2012) (per curiam) (inmate's grievance, which violated prison's rule against duplicate complaints, was not properly exhausted, warranting dismissal of claim). We find that Ford similarly failed to exhaust his claim against defendant Bailey. Thus, we affirm the grant of summary judgment to Bailey based on failure to exhaust, but we modify the dismissal of the claim to be without prejudice. <u>See</u> <u>Porter v. Sturm</u>, 781 F.3d 448, 452 (8th Cir. 2015) (dismissal without prejudice of unexhausted claim is mandatory); <u>St. Martin v. City of St. Paul</u>, 680 F.3d 1027, 1032 (8th Cir. 2012) (this court may affirm grant of summary judgment on any basis supported by record).

We conclude, however, that the record did not support the grant of summary judgment on Ford's excessive-force claim against Butler. Crediting Ford's version of the incident inside the shower cell--which was not depicted or conclusively disproved by the video evidence--Ford created a genuine issue of fact as to whether Butler's actions violated the Eighth Amendment. <u>See</u> <u>De Rossitte</u>, 22 F.4th at 803 & n.4 (summary judgment was improper where inmate's verified complaint and deposition testimony established genuine issue of material fact); <u>Johnson v. McCarver</u>, 942 F.3d 405, 412 (8th Cir. 2019) (where security camera footage of alleged excessive-force incident was inconclusive, court would accept non-movant's version of facts in reviewing motion for summary judgment). We also find that, crediting Ford's version of the incident, Butler would not be entitled to qualified immunity. <u>See</u> <u>District of Columbia v. Wesby</u>, 138 S. Ct. 577, 589-90 (2018) (officers are entitled to qualified immunity unless they violated federal constitutional

right, and unlawfulness of their conduct was clearly established at that time; law is clearly established when it is dictated by controlling authority and clearly prohibits officer's conduct in particular circumstances); Estate of Davis v. Delo, 115 F.3d 1388, 1394-95 (8th Cir. 1997) (law was well-established that striking inmate 20-25 times in head while other officers restrained his limbs or stood by to assist was Eighth Amendment violation); Munz v. Michael, 28 F.3d 795, 798-800 (8th Cir. 1994) (law was clearly established in 1989 that officers violated inmate's Eighth Amendment rights by beating him while he was bound hand and foot in cell, even if he initially created disturbance and sustained no serious injury).

Accordingly, we reverse the district court's grant of summary judgment on Ford's excessive-force claim against Butler, and we remand for further proceedings on this claim. We modify the dismissal of the claim against Bailey to be without prejudice; and we affirm in all other respects.

_____