# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1386

_____

Desmond Arnez Mills

*Plaintiff - Appellant*

v.

Anne L. Precythe; Richard Adams; John Doe; Jane Doe; Mr. Unknown Berger; Mr. Unknown Bighorse; Mr. Joseph Resz, #1244937; John Doe, #138996; Jason Lewis; Tim Freeman; Ms. Unknown Motley; Stephanie Tanderich; Steven Wheeler

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 7, 2025
Filed: May 29, 2025
[Unpublished]

_____

Before SHEPHERD, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Desmond Mills appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 action against the inmate who assaulted him, and several prison officials who he alleges failed to protect him from that assault or failed to properly

treat him for his injuries. We agree with the district court that Mills failed to state a constitutional claim against his assailant, Joseph Resz, as he alleged no facts suggesting that Resz was a state actor. See De Rossitte v. Correct Care Sols., LLC, 22 F.4th 796, 802 (8th Cir. 2022); Kaden v. Slykhuis, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (standard of review). To the extent Mills raised a due process claim related to his placement in administrative segregation, we conclude that he failed to allege he suffered an atypical and significant hardship. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

As for Mills's Eighth Amendment claims against the defendant prison officials, however, we conclude reversal is warranted. While Mills did not specify in his complaint the capacity in which he was suing these defendants, this court recently overturned the "clear statement" rule on which the district court relied in construing his complaint as raising only official-capacity claims; accordingly, we reverse and remand for the district court to determine whether the course of proceedings indicated Mills's intent to sue these defendants in their individual capacities. See S.A.A. v. Geisler, 127 F.4th 1133, 1138-39 (8th Cir. 2025) (en banc). The allegations in Mills's complaint amounted to more than mere violations of prison policy and stated potentially viable claims against the Jane Roe nurse and at least some of the prison official defendants. See Vandevender v. Sass, 970 F.3d 972, 976 (8th Cir. 2020) (describing allegations that attacker was known to be violent as situation in which substantial risk of serious harm from assault could be obvious); Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (plaintiff can establish deliberate indifference to serious medical need by showing grossly inadequate care, showing defendant decided to take easier and less efficacious course of treatment, or showing defendant intentionally denied access to medical care). Further, as Mills stated his intent to amend his complaint, the district court is instructed to allow him to amend on remand. See Rush v. State Ark. DWS, 876 F.3d 1123, 1125-26 (8th Cir. 2017) (per curiam).

Accordingly, we reverse the dismissal of the Eighth Amendment claims against all defendants except Resz, and remand to the district court for further proceedings. We also reinstate the state-law claims against Resz and the Jane Roe nurse, over which the district court now has supplemental jurisdiction. See 28 U.S.C. § 1367(a); De Rossitte, 22 F.4th at 804. We affirm the remainder of the district court's judgment.

_____